DANILO T. AGUILAR, F0198
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Bldg.
Cor. Ghiyeghi St. & Wischira Way
San Jose, Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Defendant
    MICRONESIA WOODCRAFT ENT., INC. et al.

F I L E D
Clerk
District Court

JAN 1 3 2006

For The Northern Mariana Islands
By_____
    (Deputy Clerk)

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>    Plaintiff,<br><br>v.<br><br>MICRONESIA WOODCRAFT ENT., INC., TIRZO J. ADRIATICO, individually and as President of Micronesia Woodcraft Ent., Inc., and JOHN DOES 1-40,<br><br>    Defendants. | CIVIL ACTION NO. 05-0040<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT; COUNTERCLAIM; DEMAND FOR JURY TRIAL** |

Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico, by and through their counsel, hereby set forth their answers to Plaintiffs' complaint as follows:

    1.    Defendants admit the allegations in paragraph 1.

    2.    Defendants deny the allegations in paragraph 2.

    3.    Defendants admit the allegations on paragraph 3.

    4.    Defendants are without sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 4, and therefore deny the allegations.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit the allegations in paragraph 6.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants lack sufficient information to form a belief as to the truth or accuracy of the allegations in paragraph 9 and therefore deny the allegations.

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit in part the allegations in paragraph 11 that Plaintiff changed their name and that Defendant Tirso J. Adriatico operated a business called Micronesian Woodcraft Ent., Inc. However, Defendants lack sufficient information to form a belief as to the truth or accuracy to the remaining allegations and therefore deny the allegations.

12. Defendants admit in part the allegations in paragraph 12 that Plaintiffs have identified handcrafted traditional style dolls with the same "Bo Jo Bo Wishing Dolls" and "Legend of the Bo Jo Bo Wishing Dolls". Defendants deny the allegations that the works or symbols used by Plaintiff are a protectible trademark.

13. Defendants admit in part the allegations in paragraph 13 that Defendants have sold its wishing dolls in commerce. However, Defendants deny the allegations that the dolls were sold under a protectible trademark. In addition, Defendants lack sufficient information to form a belief as to the truth or accuracy of the allegations that Plaintiff's dolls were known by their high quality, beauty and luck, and therefore deny the allegations.

14. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 14 and therefore deny the allegations.

15. Defendants reallege answers to paragraphs 1-14.

16. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 16 and therefore deny the allegations.

17. Defendants admit the allegations in paragraph 17.

18. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 18 but admit the allegations.

19. Defendants admit the allegations in paragraph 19.

20. Defendants admit the allegations in paragraph 20.

21. Defendants admit the allegations in paragraph 21

22. Defendants admit the allegations in paragraph 22.

23. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 23 but admit the allegations.

24. Defendants admit the allegations in paragraph 24.

25. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 25 but admit the allegations.

26. Defendants admit the allegations in paragraph 26,

27. Defendants admit in part the allegations in paragraph 27 that from 1984 forward, Plaintiff produced, marketed and sold dolls using the term "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Dolls". However, Defendants deny the remaining allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 29 and therefore deny the allegations.

30. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 30 and therefore deny the allegations.

31. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 31 and therefore deny the allegations.

32. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 32 and therefore deny the allegations.

33. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 33 and therefore deny the allegations.

34. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 34 and therefore deny the allegations.

35. Defendants admit in part the allegations in paragraph 35 that Plaintiff has asserted a claim for trademark protection, however, Defendants deny that the alleged trademark and the claimed trade dress are valid.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 38 and therefore deny the allegations.

39. Defendants deny the allegations in paragraph 39.

40. Defendants deny the allegations in paragraph 40.

41. Defendants admit in part the accuracy of the exhibits, but deny the remaining allegations in paragraph 41.

42. Defendants admit in part the allegations in paragraph 42 that Defendants have known of Plaintiff's efforts to sell and market dolls and that Defendant Tirso J. Adriatico was employed by Plaintiff. However, Defendants deny the remaining allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants admit most of the allegations in paragraph 45, but Defendants deny that they have committed any act of infringement.

46. Defendants deny the allegations in paragraph 46.

47. Defendants admit in part the allegations in paragraph 47 that Defendants' dolls and the dolls of Plaintiff look alike. Defendants also admit the accuracy of Exhibits C, D and E. Defendants deny that the dolls are indistinguishable.

48. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 48 and therefore deny the allegations.

49. Defendants admit in part the allegations in paragraph 49 that Plaintiffs have protested Defendants' sale of dolls by verbal communications and cease and desist letters. Defendants deny that their activities have infringed on a protectible trademark or trade dress.

50. Defendants admit in part the allegations in paragraph 50 that they have not taken any action to stop its sale of dolls. Defendants deny however that they have infringed upon a protectible trademark of trade dress. Defendants further deny that they have committed any act constituting violations of the law.

51. Defendants admit in part the allegations in paragraph 51 that they intend to continue and expand the use of the terms "Bo Jo Bo Wishing Dolls" and "Legend of the Bo Jo Bo Wishing Dolls". Defendants deny that the said terms are protectible trademark or trade dress.

52. Defendants admit in part that the names, legends, look, dress and symbols of "Bo Jo Bo Wishing Dolls" and "Legend of the Bo Jo Bo Wishing Dolls are imitation and may be confused with Plaintiff's dolls. But Defendants deny that Plaintiffs have protectible trademark or trade dress for the said dolls.

53. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 53 and therefore deny the allegations.

54. Defendants deny the allegations in paragraph 54.

55. Defendants reallege answers to paragraphs 1-54.

56. Defendants admit that they have caused goods to enter commerce with the use of the terms "Bo Jo Bo Wishing Dolls" and "Legend of the

Bo Jo Bo Wishing Dolls" and have used trade dress similar to Plaintiff's products. However, Defendants deny that such use were in any way unlawful.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants reallege answers to paragraphs 1-60.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants reallege answers to paragraphs 1-64.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

69. Defendants reallege answers to paragraphs 1-68.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants reallege answers to paragraphs 1-72.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny the allegations in paragraph 77.

78. Defendants reallege answers to paragraphs 1-77.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

82. Defendants reallege answers to paragraphs 1-81.

83. Defendants admit the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

86. Defendants lack sufficient information to form a belief as to the truth and accuracy of the allegations in paragraph 86 and therefore deny the allegations.

87. Defendants deny the allegations in paragraph 87.

88. Defendants reallege answers to paragraphs 1-87.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Lack of subject matter jurisdiction.

3. Plaintiff claimed that trademarks are not protectible because they are descriptive of the products and do not state the origin or manufacturer of the products.

4. Prior use of alleged trademark and trade dress by party other than the Plaintiffs.

5. Plaintiffs' alleged trademark and trade dress are unregistered with the U.S. Patent and Trademark Office.

6. Estoppel.

7. Laches.

8. Acquiescence.

9. Waiver.

10. Plaintiffs' alleged trade dress is aesthetically functional.

11. Plaintiffs' alleged trade dress is not distinctive and have not acquired secondary meaning.

12. Plaintiffs' alleged trademarks have been in the public domain that they are now generic terms.

13. Failure to join indispensable parties pursuant to F.R.C.P. 19.

14. Failure to prosecute action in the name of the real party in interest pursuant to F.R.C.P. 17(a).

## DEMAND FOR JURY TRIAL

Defendants hereby request that all issues are resolved at a trial by jury.

## **COUNTERCLAIM**

COMES NOW Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico (hereinafter "counterclaimants") hereby allege the following counterclaim:

1. Jurisdiction is vested in this court pursuant to 28 U.S.C § 1338 (b);

2. Venue is properly vested in this Court pursuant to 28 U.S.C § 1391 (b);

## **FACTUAL BACKGROUND**

3. Counterclaimant Micronesia Woodcraft Ent., Inc. is a CNMI domestic corporation and is licensed to do business in the CNMI;

4. Counterclaimant Tirso Adriatico is a citizen of the Philippines and a resident of the CNMI. Counterclaimant Adriatico is an officer, director and shareholder in Micronesia Woodcraft Ent., Inc.;

5. Upon information and belief, Plaintiff/counter-defendant Rodrigo M. Capati is a citizen of the Philippines, is a resident of the CNMI, and is currently conducting business under the fictitious name Saipan Handicraft;

6. Upon information and belief, Plaintiff/counter-defendant Adela S. Capati is a citizen of the Philippines, is a resident of the CNMI, and is currently conducting business under the fictitious name Saipan Handicraft;

7. Upon information and belief, Plaintiff/counter-defendant Rodel S. Capati is a citizen of the Philippines, is a resident of the CNMI, and is currently conducting business under the fictitious name Saipan Handicraft;

8. Counterclaimants incorporate paragraphs 16 through 23 as alleged by Plaintiffs'/counter-defendants' complaint;

9. Upon information and belief, during the time that Gus Camacho was producing "Bo Jo Bo Wishing Dolls" and was utilizing the "Legend of the Bo Jo Bo Wishing Doll", another party Mr. Herman Santos, was also producing "Bo Jo Bo Wishing Dolls" and using the "Legend of the Bo Jo Bo Wishing Doll";

10. Upon information and belief, use of the name "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll" was continually in use and was used in commerce by other parties prior to and during the time that Plaintiffs/counter-defendants were also utilizing the claimed marks;

11. On or about 1984, Plaintiffs/counter-defendants began manufacturing and producing dolls, using the name "Bo Jo Bo Wishing Doll" and the accompanying story "Legend of the Bo Jo Bo Wishing Doll";

12. On or about 1994, Counterclaimants also began producing the dolls and using name "Bo Jo Bo Wishing Doll" and also utilized the story "Legend of the Bo Jo Bo Wishing Doll";

13. The first version of Counterclaimants' doll was similar to Plaintiffs'/counter-defendants' doll and Counterclaimants had utilized a skirt as part of the dress of the doll;

14. From 1996 forward, Counterclaimants' doll evolved with additions being made to the dress of the dolls in the form of hair, a hat, and a painting of mouth. These changes were made in conformance to the requests of buyers;

15. Counterclaimants have actively and continuously produced dolls using the name "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll", noting that the doll and the names associated with the dolls were being used by a number of parties other than Plaintiffs/counter-defendants;

16. The terms "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll" have been in the public domain for over 40 years and no party, except Plaintiffs/counter-defendants, has ever asserted that these terms are protectible trademarks;

17. The addition of trade dress features to counterclaimants dolls were made to enhance the appearance of the dolls and were also made at the request of counterclaimants' customers

## FIRST CAUSE OF ACTION

### Declaratory Relief

18. Counterclaimants reincorporate and reallege the assertions contained in paragraphs 1-17 of the counterclaim;

19. Plaintiffs/counter-defendants assert that they have a protectible trademark in the use of the terms "Bo Jo Bo Wishing Doll" and Legend of the Bo Jo Bo Wishing Doll";

20. In addition, Plaintiffs/counter-defendants seek trade dress protection for the use of certain features on these dolls, to include the use of hair, use of a hat, use of bundled colored skirts, and the use of a mouth on the dolls;

21. Plaintiff/counter-defendants have filed for trademark registration for the term " Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll" and have also filed for registration of their alleged trade dress;

22. The alleged trademarks of "Bo Jo Bo Wishing Doll" and "Legend of Bo Jo Bo Wishing Doll" are not protectible trademarks because these terms are not only "generic" by virtue of their use in the public domain, but these terms are only "descriptive" in nature and does not identify Plaintiffs/counter-defendants as the origin or manufacturer;

23. Plaintiffs/counter-defendants assertion of trade dress protection seeks to protect the use of certain features on Plaintiffs'/counter-defendants' dolls that are wholly aesthetically functional;

24. In the event that the United States Patent and Trademark Office should render a decision approving the registration of Plaintiffs'/counter-defendants' trademark of "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll", prior to resolution of this matter with this Court, Counterclaimants seek declaratory relief holding that Plaintiffs/counter-defendants' alleged trademarks are not subject to protection under the Lanham Act because these alleged marks are generic and descriptive;

25. In the event that the United States Patent and Trademark Office should render a decision approving the registration of Plaintiffs'/counter-defendants' trade dress, prior to the resolution of this matter with Court, Counterclaimants seek declaratory relief holding that the Plaintiffs'/counter-defendants' alleged trade dress are not subject to protection under the Lanham Act because the alleged trade dress is wholly aesthetically functional;

## SECOND CAUSE OF ACTION

### Tortious Interference with Contracts

26. Counterclaimants reincorporate and reallege the assertions contained in paragraphs 1-27 of the counterclaim;

27. As a result of the unjustified assertion of trademark and trade dress protection, Plaintiffs/counter-defendants, through their agents, assigns, or employees, with full knowledge of existing contracts between Counterclaimants and a number of different buyers to include Duty Free Shoppers, Mama's Store, and Joeten Department Store, intending to harass, annoy, persecute, injure, destroy, and interfere with Counterclaimants' business, wrongfully, intentionally, and maliciously persuaded Counterclaimants' buyers to repudiate their contracts with Counterclaimants to purchase dolls;

28. As part of Plaintiffs'/counter-defendants' malicious conduct, they have undertaken to sell their own dolls as a replacement of Counterclaimants' products;

29. Counterclaimants' buyers would not have repudiated and cancelled the agreement to purchase Counterclaimants' products but for the malicious, fraudulent, and wrongful representations and actions committed by Plaintiffs/counter-defendants;

30. Counterclaimants have been damaged in the form of lost sales in an amount to be proven at trial;

31. Counterclaimants seek injunctive relief against Plaintiffs/counter-defendants to prevent any continued action to interfere with Counterclaimants' business relations with existing or future buyers of its products.

## DEMAND FOR JURY TRIAL

Defendants hereby request that all issues raised in this counterclaim are resolved at a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendants/counterclaimants pray for the following relief as follows:

1. That Plaintiffs take nothing by way of their complaint;

2. For an order declaring that Plaintiffs' claims for trademark and trade dress protection are invalid;

3. In the event the U.S. Trade and Patent Office approves registration of Plaintiffs' trademark and trade dress prior to resolution of this matter, in addition to an order declaring the trademarks and trade dress as invalid, the Court issue another order cancelling the registration of the said trademarks or trade dress;

4. For an award of damages in favor Defendants/counterclaimants to be proven at trial;

5. For an order of injunctive relief against Plaintiffs/counter-defendants prohibiting them from actions that would interfere with Defendants/counterclaimants' efforts to sell their products;

6. For an award of attorneys' fees and costs incurred by Defendants/counterclaimants;

7. Such other and further relief that the Court deems just and proper.

Dated this 13th day of January, 2006

_____
DANILO T. AGUILAR, P0198
Attorney for Defendants