FILED
Clerk
District Court

FEB -2 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Saipan Handicraft.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>            Plaintiff,<br><br>vs.<br><br>MICRONESIA WOODCRAFT ENT., INC.; TIRZO J. ADRIATICO, individually and as President of Micronesia Woodcraft Ent., Inc.; and JOHN DOES 1-40,<br><br>            Defendants. | Civil Action No. 05-0040<br><br>**ANSWER OF PLAINTIFF TO COUNTERCLAIMS;<br>AFFIRMATIVE DEFENSES** |

## ANSWER

Plaintiff Saipan Handicraft ("Handicraft") hereby answers the Counterclaim filed herein by Defendant Micronesia Woodcraft Ent., Inc. and Tirzo J. Adriatico (collectively "Woodcraft") as follows:

1.    Handicraft admits the allegations contained in paragraphs 1, 2, 3, 4, 19 and 21.

2.    Handicraft denies the allegations contained in paragraphs 10, 16, 22, 23, 27, 28, 29 and 30.

3.    With respect to the allegations contained in paragraph 5, Handicraft admits that Rodrigo M. Capati is a permanent resident of the CNMI, is conducting business as Saipan Handicraft, and is a citizen of the Phillippines.

4.    With respect to the allegations contained in paragraph 6, Handicraft admits that Adela S. Capati is an immediate relative resident of the CNMI, is conducting business as Saipan

Handicraft, and is a citizen of the Philippines.

5. With respect to the allegations contained in paragraph 7, Handicraft admits that Rodel S. Capati is a resident of the CNMI and is conducting business as Saipan Handicraft, but denies that he is a citizen of the Philippines.

6. Paragraphs 8, 18, 24, 25, 26 and 31 do not contain allegations that require an admission or denial; to the extent an admission or denial is required, Handicraft denies the same.

7. With respect to the allegations contained in paragraphs 9 and 12, Handicraft is without information sufficient to answer the allegations contained therein, and, therefore, denies the same.

8. With respect to the allegations contained in paragraph 11, Handicraft admits that it was manufacturing and producing dolls in 1984, using the name and legend, but denies that such production or use by its principals first began in that year.

9. With respect to the allegations contained in paragraph 13, Handicraft admits that Woodcraft used a flat, stiff skirt on its first dolls.

10. With respect to the allegations contained in paragraphs 14 and 17, Handicraft admits that Woodcraft changed its dolls to match the exact look and dress of Handicraft's dolls; but is without sufficient information to answer the other allegations contained therein, and therefore, denies the same.

11. With respect to the allegations contained in paragraph 15, Handicraft admits that Woodcraft is actively using the "Bo Jo Bo Wishing Doll" name and legend, but denies that other parties were using the same name and legend in a manner that prevented Handicraft from lawfully obtaining a trademark interest in them or before the popularity of the dolls exploded.

12. With respect to the allegations contained in paragraph 20, Handicraft admits that it seeks trade dress protection for its overall look and distinctive features; but denies that Woodcraft's listing in paragraph 20 is a complete or accurate recounting of its features or claims.

## AFFIRMATIVE DEFENSES

As for its affirmative defenses, Handicraft alleges as follows:

1. At all times, Handicraft acted in good faith and with fair dealing.

2. Woodcraft's counterclaims fail to state a claim upon which relief may be granted.

3. Woodcraft's counterclaims are barred by unclean hands, bad faith and a calculated plan or conspiracy to try and unfairly steal and infringe upon the interests and rights of Handicraft.

4. Woodcraft is estopped and prevented by its own acts from obtaining the relief sought by its counterclaims.

5. Handicraft's trademark and trade dress rights and interests are protected by both federal and common law.

Respectfully submitted this  2-2-06  .

F. MATTHEW SMITH
Attorney for Plaintiff