F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building
P.O. Box 501127
San Jose, Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Plaintiff.

FILED
Clerk
District Court

APR 18 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>                Plaintiff,<br>vs.<br><br>MICRONESIA WOODCRAFT ENT., INC.,<br>TIRZO J. ADRIATICO, individually and as<br>President of Micronesia Woodcraft Ent., Inc.,<br>A COMPANY, INC. dba Palm Tree Gift Shop,<br>ALINA'S, ARAM CO., LTD. dba Match,<br>ARENAS ENTERPRISE, INC. dba Ochee's Store,<br>BONG ENTERPRISES, INC. dba Esther Fashion,<br>ANTOINETTE F. CASTRO,<br>CHOON HEE LEE, HYUN JIN KIM,<br>COMMONWEALTH PACIFIC INT'L., INC.<br>dba Crystal Palace Gift Shop, TA BUN KUY,<br>FULL HOUSE, INC.<br>dba Micro Beach Hotel and CBA Store,<br>COSTA WORLD CORPORATION<br>dba Color Rich, DORA CO., LTD. dba Block's,<br>SHI.N.KA. FUJI MASSAGE PARLOR,<br>GREAT SUNSHINE CORPORATION<br>dba Haney,<br>J&T ENTERPRISES, INC. dba 7 Star Gift Shop,<br>KAN PACIFIC SAIPAN, LTD.<br>dba Mariana Resort & Spa Gift Shop,<br>KENKOZ CORP.,<br>KUMANOMI ISLAND CO., LTD.,<br>LK CORPORATION dba Rota Handicraft<br>LEE YOUNG JO, LEE BYUNG DEUK,<br>PACIFIC INT'L. CORPORATION<br>dba Marianas Woodcraft,<br>PACIFIC SUN LINES, INC.<br>dba Beach Gal and Cinderella,<br>FRANCISCO S. PANGELINAN,<br>IGARASHI SHO o TEN, INC.,<br>QJ CO., LTD. dba Beach Gift Shop,<br>RYU CORPORATION dba Ryu Gu Zyo Gift Shop,<br>TOTAL I.CORPORATION, | Civil Action No. 05-0040<br><br>**FIRST AMENDED<br>VERIFIED COMPLAINT** |

*First Amended Verified Complaint -- Page 1 of 36*

***ORIGINAL***

TOWN, INC. dba Townhouse Dept. Store,   ]
XUAN, BO LU,   ]
YUN'S CORPORATION dba Payless Supermarket,]
and JOHN DOES 1-30,   ]
   ]
                    Defendants.   ]
_____]

      Plaintiff Saipan Handicraft hereby brings this action against Defendants, jointly and severally: for violations of the Federal Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.* ("the Act"), and more specifically 15 U.S.C. § 1125(a) of the Act; for infringement of trademark and trade dress rights; for unfair competition; tortious interference with contracts; interference with business relationships with customers; interference with competitor's contract for supply of raw materials; conversion; fraud; and for violation of the CNMI Consumer Protection Act, 4 CMC §§ 5101, *et seq.*

      In support of its complaint, Handicraft alleges:

**Jurisdiction**

      1.     Original jurisdiction arises under 28 U.S.C. § 1338(a), 28 U.S.C. § 1338(b), and under 15 U.S.C. § 1121 as this case concern the trademark laws of the United States and unfair competition claims related thereto.

      2.     Supplemental jurisdiction arises under 28 U.S.C. § 1367(a) over all other claims made in this action as they are related to the original jurisdiction claims and form part of the same case and controversy.

      3.     Venue is properly placed in this Court under 28 U.S.C. § 1391(b) as all Defendants reside or do business in the CNMI, have minimum contact herewith, and all actions giving rise to this complaint occurred or originated in the CNMI.

**Saipan Handicraft**

      4.     Plaintiff Saipan Handicraft ("Handicraft") is a sole proprietorship, licensed to do business in the CNMI, having its principal place of business at Chalan Kiya, Saipan, Commonwealth of the Northern Mariana Islands.

**Micronesia Woodcraft Ent., Inc. & Tirzo J. Adriatico**

5.  Upon information and belief, Defendant MICRONESIA WOODCRAFT ENT., INC. is a CNMI corporation, licensed to do business in the CNMI, having its principal place of business at San Vicente, DanDan, Saipan, and also having operations in Rota, Commonwealth of the Northern Mariana Islands. MICRONESIA WOODCRAFT ENT., INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, MICRONESIA WOODCRAFT ENT., INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

6.  Upon information and belief, Defendant TIRZO J. ADRIATICO is a resident of Saipan, CNMI, a citizen of the Republic of the Philippines, and the President, director and the majority shareholder of MICRONESIA WOODCRAFT ENT., INC.

**A Company, Inc.**

7.  Upon information and belief, Defendant A COMPANY, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, Palm Tree Gift Shop. A COMPANY, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Alina's**

8.  Upon information and belief, Defendant ALINA'S is a CNMI company which does business in the CNMI. ALINA'S, among other things, has and is knowingly dealing in and with,

promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Aram Co., Ltd.**

9. Upon information and belief, Defendant ARAM CO., LTD. is a CNMI corporation, which does business in the CNMI as, among other stores, Match. ARAM CO., LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls, shirts and other merchandise that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Arenas Enterprises, Inc.**

10. Upon information and belief, Defendant ARENAS ENTERPRISE, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, Ochee's Store. ARENAS ENTERPRISE, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Bong Enterprises, Inc.**

11. Upon information and belief, Defendant BONG ENTERPRISES, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, Esther Fashion. BONG ENTERPRISES, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, BONG ENTERPRISES, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Antoinette F. Castro**

12.     Upon information and belief, Defendant ANTOINETTE F. CASTRO, is a CNMI resident and does business in the CNMI. As a retailer and manufacturer, ANTOINETTE F. CASTRO, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, ANTOINETTE F. CASTRO, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Choon Hee Lee & Hyun Jin Kim**

13.     Upon information and belief, Defendant CHOON HEE LEE, is a CNMI resident and does business in the CNMI. As a retailer and manufacturer, CHOON HEE LEE, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, CHOON HEE LEE, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

14.     Upon information and belief, Defendant HYUN JIN KIM, is a CNMI resident and does business in the CNMI. As a retailer and manufacturer, HYUN JIN KIM, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing

confusion, committing fraud and damaging Handicraft. Further, HYUN JIN KIM, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Commonwealth Pacific International, Inc., Ta Bun Kuy & Full House, Inc.**

15. Upon information and belief, Defendant COMMONWEALTH PACIFIC INTERNATIONAL, INC., is a CNMI corporation, which does business in the CNMI as, among other stores, Crystal Palace Gift Shop. COMMONWEALTH PACIFIC INTERNATIONAL, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, COMMONWEALTH PACIFIC INTERNATIONAL, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

16. Upon information and belief, Defendant TA BUN KUY, is a CNMI resident and does business in the CNMI. As a retailer and manufacturer, TA BUN KUY, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, TA BUN KUY, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

17.     Upon information and belief, Defendant FULL HOUSE, INC., is a CNMI corporation, which does business in the CNMI as, among others, Micro Beach Hotel and CBA Store. FULL HOUSE, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, FULL HOUSE, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Costa World Corporation**

18.     Upon information and belief, Defendant COSTA WORLD CORPORATION, is a CNMI corporation, which does business in the CNMI as, among other stores, Color Rich. COSTA WORLD CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, COSTA WORLD CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting, and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Dora Co., Ltd.**

19.     Upon information and belief, Defendant DORA CO., LTD. is a CNMI corporation, which does business in the CNMI as, among other stores, Block's. DORA CO., LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off

counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Fuji Massage Parlor**

20. Upon information and belief, Defendant SHI.N.KA. FUJI MASSAGE PARLOR, is a CNMI company and does business in the CNMI. SHI.N.KA. FUJI MASSAGE PARLOR, among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Great Sunshine Corporation**

21. Upon information and belief, Defendant GREAT SUNSHINE CORPORATION, is a CNMI corporation, which does business in the CNMI as, among other stores, Haney. GREAT SUNSHINE CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, GREAT SUNSHINE CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting, and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**J&T Enterprises, Inc.**

22. Upon information and belief, Defendant J&T ENTERPRISES, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, 7 Star Gift Shop. J&T ENTERPRISES, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or

original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Kan Pacific Saipan, Ltd.**

23.     Upon information and belief, Defendant KAN PACIFIC SAIPAN, LTD. is a CNMI corporation, which does business in the CNMI as, among other stores, Mariana Resort & Spa Gift Shop. KAN PACIFIC SAIPAN, LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Kenkoz Corporation**

24.     Upon information and belief, Defendant KENKOZ CORPORATION, is a Japanese corporation, which does business in the CNMI and distributes and sells dolls from Saipan in Japan. KENKOZ CORPORATION, among other things, has and is knowingly dealing in and with, distributing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, KENKOZ CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting, and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

**Kumanomi Island Co., Ltd.**

25.     Upon information and belief, Defendant KUMANOMI ISLAND CO., LTD. is a CNMI corporation, which does business in the CNMI as, among other stores, Kumanomi Island. KUMANOMI ISLAND CO., LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**LK Corporation, Lee Young Jo & Lee Byung Deuk**

26. Upon information and belief, Defendant LK CORPORATION, is a CNMI corporation, which does business in the CNMI as, among other businesses, Rota Handicraft. LK CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, LK CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

27. Upon information and belief, Defendant LEE, YOUNG JO, is a CNMI resident and owner of Rota Handicraft. LEE, YOUNG JO, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, LEE, YOUNG JO, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

28. Upon information and belief, Defendant LEE, BYUNG DEUK, is a CNMI resident and owner of Rota Handicraft. LEE, BYUNG DEUK, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, LEE, BYUNG DEUK, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the

trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

**Pacific International Corporation**

29. Upon information and belief, Defendant PACIFIC INTERNATIONAL CORPORATION, is a CNMI corporation, which does business in the CNMI as, among other businesses, Marianas Woodcraft. PACIFIC INTERNATIONAL CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, PACIFIC INTERNATIONAL CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting, and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Pacific Sun Lines, Inc.**

30. Upon information and belief, Defendant PACIFIC SUN LINES, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, Beach Gal and Cinderella. PACIFIC SUN LINES, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Francisco S. Pangelinan & Igarashi Sho o Ten, Inc.**

31. Upon information and belief, Defendant FRANCISCO S. PANGELINAN, is a CNMI resident and owner of Igarashi Sho o Ten, Inc., who does business in the CNMI. FRANCISCO S. PANGELINAN, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls"

– misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, FRANCISCO S. PANGELINAN, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

32. Upon information and belief, Defendant IGARASHI SHO o TEN, INC., is a CNMI corporation which does business in the CNMI. IGARASHI SHO o TEN, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, IGARASHI SHO o TEN, INC., among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

**QJ Co., Ltd.**

33. Upon information and belief, Defendant QJ CO., LTD. is a CNMI corporation, which does business in the CNMI as, among other stores, Beach Gift Shop. QJ CO., LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, QJ CO., LTD., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Ryu Corporation**

34. Upon information and belief, Defendant RYU CORPORATION is a CNMI

corporation, which does business in the CNMI as, among other stores, Ryu Gu Zyo Gift Shop. RYU CORPORATION, among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft.

**Total I Corporation**

35. Upon information and belief, Defendant TOTAL I CORPORATION, is a Japanese corporation, which does business in the CNMI and distributes and sells dolls in Japan. TOTAL I CORPORATION, among other things, has and is knowingly dealing in and with, distributing, promoting and profiting from, the sale of fake and counterfeit Handicraft "Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, TOTAL I CORPORATION, among other things, has and is knowingly dealing in and with, manufacturing, promoting, and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

**Town, Inc.**

36. Upon information and belief, Defendant TOWN, INC. is a CNMI corporation, which does business in the CNMI as, among other stores, Townhouse Department Store. TOWN, INC., among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**Xuan Bo Lu**

37. Upon information and belief, Defendant XUAN BO LU, is a CNMI resident who does business in the CNMI. XUAN BO LU, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of fake and counterfeit Handicraft

"Bo Jo Bo Wishing Dolls" – misrepresenting and deceptively passing off counterfeit and fake dolls to consumers as the real or original Handicraft dolls; causing confusion, committing fraud and damaging Handicraft. Further, XUAN BO LU, among other things, has and is knowingly dealing in and with, manufacturing, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and further damage to Handicraft.

**Yun's Corporation**

38.  Upon information and belief, Defendant YUN'S CORPORATION is a CNMI corporation, which does business in the CNMI as, among other stores, Payless Supermarket. YUN'S CORPORATION, among other things, has and is knowingly dealing in and with, promoting and profiting from, the sale of dolls that violate the trademarks, trade dress and rights of Handicraft; causing confusion and damage to Handicraft.

**John Does**

39.  Defendants John Does 1-10, inclusive, are the fictitious names of Defendant individuals, companies, organizations or corporations, whose true names are unknown to Handicraft at this time, that manufacture, distribute, sell or in some other manner manufacture and/or promote handcrafted traditional-style dolls that infringe upon Handicraft's trademarks or trade dress rights. When such true names are discovered, this complaint shall be amended by inserting such true names in place and stead of said fictitious names.

40.  Defendants John Does 11-30, inclusive, are the fictitious names of Defendant individuals, companies, organizations or corporations, whose true names are unknown to Handicraft at this time, that retail, distribute, sell or in some other manner retail and/or promote handcrafted traditional-style dolls that infringe upon Handicraft's trademarks or trade dress rights. When such true names are discovered, this complaint shall be amended by inserting such true names in place and stead of said fictitious names.

**Statement of Facts**

41.     Handicraft was organized by Rodrigo Capati ("Capati") and began doing business in the year 1984 under the name Saipan Woodcraft Ent. Before that time, from 1980 to 1983, Rodrigo Capati was also making and selling wishing dolls but not under the Handicraft name or license.

42.     Since 1984, Handicraft has created and sold a variety of wood and handicraft products, including handcrafted traditional-style dolls made out of bayogo. Bayogo (also known as seabeans) is the name of the seed from a local plant/vine.

43.     In December of 2003, Handicraft changed its name **from** <u>Saipan Woodcraft Ent.</u> **to** <u>Saipan Handicraft</u> after Tirzo, a former employee, opened a competing business named Micronesia Woodcraft Ent. (confusing similar to Saipan Woodcraft Ent.) and copied all of Handicraft's wood carving designs. The confusion caused by Tirzo's intentionally confusing name and unfair business actions, and a decision by Handicraft to focus exclusively on the production of its Bo Jo Bo Wishing Dolls, were the primary reasons for change of name by Handicraft.

44.     From the very beginning, Handicraft (and Capati from 1980-83) has identified and continues to identify its handcrafted traditional-style doll products with and by the name and trademark "Bo Jo Bo Wishing Dolls" alone or with other words or symbols including the "Legend of the Bo Jo Bo Wishing Dolls."

45.     Handicraft has widely sold in interstate commerce, including Guam and Japan, its wishing dolls identified by the above described trademarks, and Handicraft's dolls become widely known to the public as dolls of high quality, beauty and luck.

46.     As a result of the excellent quality and distinctive marks of the dolls manufactured and sold by Handicraft, Handicraft has developed a substantial clientele and a profitable business, and has acquired through its efforts a reputation as a competent, dependable and honest company with a highly desirable doll.

**History of the Bo Jo Bo Wishing Dolls**

47.     The origination and early history of the bayogo dolls has recently been the subject of debate in the media, the following recitation of the history is provided to give this Court and others a sense of the time as well as the background from which this case arises.

48.     Upon information and belief, the first dolls using the "Bo Jo Bo Wishing Dolls" name and design were made in the early 1960s. These dolls were larger than the current version, stood about a foot tall, and were made from the larger bayogo.

49.     Upon information and belief, the name, legend and idea for these dolls was the brainchild of Dr. William Vitarelli, who was employed by the Education Department of the Trust Territory of the Pacific Islands and was on Saipan helping to create a local handicraft item that the Marianas District could sell and display at an upcoming arts festival.

50.     Upon information and belief, Dr. Vitarelli worked together with Enrique Kisa, and also with Gus Camacho and Manuel Kisa, to develop a design for the dolls that could be made from the larger bayogo. Each doll had a three-segment/seed body, but no hair or skirt.

51.     Upon information and belief, Dr. Vitarelli created the name "Bo Jo Bo Wishing Dolls" as well as the associated legend to accompany the dolls. Upon information and belief, the legend was based in San Roque, Saipan because that is the village in which the Kisa family and the Camacho family resided.

52.     Upon information and belief, Dr. Vitarelli eventually moved from the Marianas District and left the name, legend and idea with Enrique Kisa, Gus Camacho and Manuel Kisa.

53.     Upon information and belief, for a period of time after Dr. Vitarelli left, Enrique Kisa manufactured and sold the doll before turning the business over to his son, Manuel Kisa, who produced the dolls until approximately 1976.

54.     Upon information and belief, when Manuel Kisa stopped producing the dolls and

stopped using the "Bo Jo Bo Wishing Dolls" name and legend, Gus Camacho began producing and selling them using the "Bo Jo Bo Wishing Dolls" name and legend.

55.     During this time of production by Gus Camacho, Capati (the founder and owner of Handicraft) was an employee of Gus Camacho and was responsible for assembling and making the dolls.

56.     Upon information and belief, in or around 1979, Gus Camacho stopped producing the dolls and stopped using the "Bo Jo Bo Wishing Dolls" name and legend in order that he might pursue other more lucrative lines of business, specifically building construction.

57.     With the ceasing of production by Gus Camacho, all of the original users and the creator of the trademarks "Bo Jo Bo Wishing Dolls" and "Legend of the Bo Jo Bo Wishing Dolls" abandoned any common-law interest they might have had in such trademarks.

58.     In or around 1980, after leaving the employment of Gus Camacho, Capati began making the dolls and using the "Bo Jo Bo Wishing Dolls" name and legend. At first, from 1980-1983, Capati made the dolls under a business license held by a friend; but in 1984, after a short period away from the CNMI, Capati returned to the CNMI and began making the dolls and using the "Bo Jo Bo Wishing Dolls" name and logo under the Handicraft business license.

59.     Handicraft made unique modifications to, and formalized, standardized and created distinct characteristics for, the dolls that increased their value and marketability including using: a pistachio nut shell hat, a large stylized blue card, red noses, white mouths, straight ponytail, and shaped skirt. It was also around this time that the size of the wishing dolls was reduced and the smaller bayogo were used to form the bodies of the dolls.

60.     Two years after the original creators stopped using and abandoned the "Bo Jo Bo Wishing Dolls" name and legend, Capati and Handicraft by its use and sales earned and developed their own trademark and trade dress rights in the "Bo Jo Bo Wishing Dolls" name and legend.

61.     From before 1984 forward, Handicraft produced, marketed and sold the dolls and

used the "Bo Jo Bo Wishing Dolls" name and legend. This use was exclusive and uninterrupted.

62. Beginning in 1984, Handicraft, through Capati, entered into an oral agreement with the DFS shops at the various hotels and in the airport and agreed to sell and provide wishing dolls to DFS stores each month. This contract and arrangement continued with DFS from 1984 through June of 2005.

63. Beginning at various times and continuing for various durations, Handicraft entered into similar oral agreements with numerous other retail shops, outlets and distributors on Saipan, Rota, and Guam and in Japan.

64. Since 1984, Handicraft has itself, and through others, spent substantial considerable time and energy promoting and selling its "Bo Jo Bo Wishing Dolls" name and legend in interstate commerce, and on the internet, with the purpose of associating and identifying its doll with specific marks, look and product with these brand and trade names.

**Bo Jo Bo Wishing Doll**

65. On October 13, 2005, Handicraft formally applied for a registered trademark, "Bo Jo Bo Wishing Doll" with the United States Patent and Trademark Office, which application was assigned serial number 78732231.

**Legend of the Bo Jo Bo Wishing Doll**

66. On October 13, 2005, Handicraft also formally applied for a registered trademark, "Legend of the Bo Jo Bo Wishing Doll" with the United States Patent and Trademark Office, which application was assigned serial number 78732233.

**Pistachio Nut Shell Hat**

67. On February 26, 2006, Handicraft applied for a registered trade dress, with the United States Patent and Trademark Office, for the pistachio nut shell hat worn on the head of the female doll, with a hole drilled in the middle of it from which a hanging string is threaded – the application

was assigned serial number 78823478.

**Red Noses**

68.     On February 26, 2006, Handicraft applied for a registered trade dress, with the United States Patent and Trademark Office, for the red noses on the female and male dolls made from a seed (known in the Chamorro language as Kulales, scientific names adenanthera pavonia or abrus precatorious) that is placed/glued, red side up, in a nose-hole drilled in the near center of the bayogo seed used for the head of the dolls – the application was assigned serial number 78823480.

**White Mouths**

69.     On February 26, 2006, Handicraft applied for a registered trade dress, with the United States Patent and Trademark Office, for the painted-on white mouths on the female and male dolls, which mouths are less than one-quarter inch in length, a straight line, neither smiling nor frowning, below the red noses, toward the bottom of the bayogo seeds used for the heads of the dolls – the application was assigned serial number 78823481.

**Blue Card**

70.     On February 26, 2006, Handicraft applied for a registered trade dress, with the United States Patent and Trademark Office, for the card which is approximately 2 3/4 inch wide x 4 1/4 inch long (after folding), blue pastel colored, bi-folded and hole-punched in the top left hand corner. The card is strung above one of the dolls prior to final assembly on the twine connecting the male and female dolls. The front of the card displays the trademark "Legend of the Bo Jo Bo Wishing Dolls" and the Saipan Handicraft company logo. The inside card contains the trademark "Bo Jo Bo Wishing Doll" and sets forth the legend in both Japanese and English languages. This application was assigned serial number 78823484.

**Straight Pony-Tail Hair**

71.     On February 26, 2006, Handicraft applied for a registered trade dress, with the United

States Patent and Trademark Office, for the female doll's hair, which is comprised of natural colored fiber, with fringing bangs in the front, peeking out from under the pistachio nut shell hat toward the face and a long straight ponytail hanging down her back, ending approximately 3/4 of an inch from the bottom of her skirt. The hair at the back is tied together with the skirt with a piece of colored fiber, the color of the skirt. The ponytail hair starts narrow at the top and gradually broadens down the back. This application was assigned serial number 78823486.

**Colorful Shaped Skirt**

72. On February 26, 2006, Handicraft applied for a registered trade dress, with the United States Patent and Trademark Office, for the female doll's skirt, which is a Hawaiian-style skirt made of fiber in one of the following colors - yellow, green, red, orange or natural. The skirt is distinctly curved and shaped and tied at the mid-leg level with a fiber/string of the same color as the skirt. Above the tie the skirt is shaped like a bulb and below the tie the skirt gradually widens like a bell shape. This application was assigned serial number 78823490.

73. Handicraft asserts its common law trademark and trade dress rights in addition to its current rights under the Act pending the registration of its trademarks and trade dress.

74. Beginning at a date many years prior to Defendants' activities complained of herein, Handicraft's trademarks became famous and acquired a secondary meaning with the public as indicating a single source of quality hand-crafted traditional dolls with a unique look, distinctive features and indicating Handicraft as such source.

75. Prior to the acts of Defendants hereinafter complained of, Handicraft had acquired an impressive and valuable reputation with the public due to the excellent quality of the dolls manufactured and sold by it, and as a result thereof Handicraft's net annual earnings therefrom were growing.

**Japanese Promotions**

76. In May 2005, and again in September 2005, there were produced promotional videos