ORIGINAL

DANILO T. AGUILAR, F0198
Attorney at Law
P.O. Box 505301
First Floor, San Jose Court Bldg.
Cor. Ghiyeghi St. & Wischira Way
San Jose, Saipan, MP 96950
TELEPHONE: (670) 234-8801
FAX: (670) 234-1251

Attorney for Defendant
    MICRONESIA WOODCRAFT ENT. INC., et al.

F I L E D
Clerk
District Court

MAY 1 2 2006

For The Northern Mariana Islands
By_____
         (Deputy C.e...)

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>            Plaintiff,<br><br>        v.<br><br>MICRONESIA WOODCRAFT ENT.,<br>INC., TIRZO J. ADRIATICO,<br>individually and as President of<br>Micronesia Woodcraft Ent., Inc.,<br>A COMPANY, INC. dba Palm Tree<br>Gift Shop, ALINA'S ARAM CO., LTD.<br>dba Match, ARENAS ENTERPRISES,<br>INC. dba Esther Fashion,<br>ANTOINETTE F. CASTRO, CHOON<br>HEE LEE, HYUN JIN KIM,<br>COMMONWEALTH PACIFIC INTL.,<br>INC. dba Crystal Palace Gift shop, TA<br>BUN KUY, FULL HOUSE, INC. dba<br>Micro Beach Hotel and CBA Store,<br>COSTA WORLD CORPORATIN dba<br>Color Rich, DORA CO., LTD. dba<br>Block's, SHI.N.KA. FUJI MASSAGE<br>PARLOR, GREAT SUNSHINE<br>CORPORATION dba Haney, J&T<br>ENTERPRISES, INC. dba 7 Star Gift<br>Shop, KAN PACIFIC SAIPAN, LTD.<br>dba Mariana Resort & Spa Gift Shop,<br>KENKOZ CORP., KUMANOMI<br>ISLAND CO., LTD. LK<br>CORPORATION dba Rota Handicraft,<br>LEE YOUNG JO, LEE, BYUNG<br>DEUK, PACIFIC INTL.<br>CORPORATION dba Marianas | CIVIL ACTION NO. 05-0040<br><br><br><br><br><br>**ANSWER OF DEFENDANTS<br>MICRONESIA WOODCRAFT<br>ENTERPRISES, INC. AND TIRSO<br>J. ADRIATICO TO PLAINTIFF'S<br>AMENDED COMPLAINT** |

| | |
|---|---|
| 1 | Woodcraft, PACIFIC SUN LINES, INC. dba Beach Gal and Cinderella, |
| 2 | FRANCISCO S. PANGELINAN, IGARASHI SHO o TEN, INC., QJ CO., |
| 3 | LTD. dba Beach Gift Shop, RYU CORPORATION dba Ryu Gu Zyo Gift |
| 4 | Shop, TOTAL I CORPORATION, TOWN HOUSE, INC. dba Townhouse |
| 5 | Dept. Store, XUAN BO LU, YUN'S CORPORATION dba Payless |
| 6 | Supermarket and JOHN DOES 1-30, |
| 7 | Defendants. |

8    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

9    Adriatico, by and through their counsel, hereby set forth its answers to

10   Plaintiff's complaint as follows:

11        1.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

12   Adriatico admit the allegations contained in paragraph 1.

13        2.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

14

15   Adriatico admit the allegations contained in paragraph 2.

16        3.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

17   Adriatico admit the allegations contained in paragraph 3.

18        4.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

19

20   Adriatico admit the allegations contained in paragraph 4

21        5.    Defendants Micronesia Woodcraft Enterprises, Inc. and

22   Tirso J. Adriatico admit in part the allegations in paragraph 5 that

23   Micronesia Woodcraft Enterprises, Inc. is a CNMI corporation and that its

24   principal place of business is in San Vicente, Saipan with additional

25   operations in Rota, Commonwealth of the Northern Mariana Islands.

26   However, all remaining allegations not specifically admitted are denied.

27

28

6.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 6.

7.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 7 and therefore deny the allegations.

8.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 8 and therefore deny the allegations.

9.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny the allegations.

10.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 10 and therefore deny the allegations.

11.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 11 and therefore deny the allegations.

12.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth

of the allegations contained in paragraph 12 and therefore deny the allegations.

13.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 13 and therefore deny the allegations.

14.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 14 and therefore deny the allegations.

15.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 and therefore deny the allegations.

16.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 16 and therefore deny the allegations.

17.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 17 and therefore deny the allegations.

18.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth

of the allegations contained in paragraph 18 and therefore deny the allegations.

19. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 19 and therefore deny the allegations.

20. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 20 and therefore deny the allegations.

21. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 21 and therefore deny the allegations.

22. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 and therefore deny the allegations.

23. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 and therefore deny the allegations.

24. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth

of the allegations contained in paragraph 24 and therefore deny the allegations.

25. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 25 and therefore deny the allegations.

26. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 26 and therefore deny the allegations.

27. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 27 and therefore deny the allegations.

28. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 28 and therefore deny the allegations.

29. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 29 and therefore deny the allegations.

30. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth

1    of the allegations contained in paragraph 30 and therefore deny the

2    allegations.

3        31.    Defendants Micronesia Woodcraft Enterprises, Inc. and

4    Tirso J. Adriatico lack sufficient information to form a belief as to the truth

5
     of the allegations contained in paragraph 31 and therefore deny the
6

7    allegations.

8        32.    Defendants Micronesia Woodcraft Enterprises, Inc. and

9    Tirso J. Adriatico lack sufficient information to form a belief as to the truth

10   of the allegations contained in paragraph 32 and therefore deny the

11
     allegations.
12

13       33.    Defendants Micronesia Woodcraft Enterprises, Inc. and

14   Tirso J. Adriatico lack sufficient information to form a belief as to the truth

15   of the allegations contained in paragraph 33 and therefore deny the

16   allegations.

17       34.    Defendants Micronesia Woodcraft Enterprises, Inc. and

18   Tirso J. Adriatico lack sufficient information to form a belief as to the truth

19
     of the allegations contained in paragraph 34 and therefore deny the
20

21   allegations.

22       35.    Defendants Micronesia Woodcraft Enterprises, Inc. and

23   Tirso J. Adriatico lack sufficient information to form a belief as to the truth

24   of the allegations contained in paragraph 35 and therefore deny the

25   allegations.

26       36.    Defendants Micronesia Woodcraft Enterprises, Inc. and

27   Tirso J. Adriatico lack sufficient information to form a belief as to the truth
28

of the allegations contained in paragraph 36 and therefore deny the allegations.

37.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 37 and therefore deny the allegations.

38.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 38 and therefore deny the allegations.

39.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 39 and therefore deny the allegations.

40.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 40 and therefore deny the allegations.

41.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 41 and therefore deny the allegations.

42.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations contained in paragraph 42.

43.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico admit in part the allegations contained in paragraph 43 that Defendant Tirso J. Adriatico opened a business named Micronesia Woordcraft Enterprises. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations that Plaintiff changed his fictional name because of any actions by Defendant Tirso J. Adriatico ad therefore deny the allegations. Defendants deny all the remaining allegations in the paragraph that are not specifically admitted herein.

44.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico admit in part the allegations contained in paragraph 44 that Plaintiff has identified his hand-crafted dolls with the name "BoJoBo Wishing dolls" and "Legend of the BoJoBo Wishing Dolls". Defendants deny the allegations that the name "BoJoBo Wishing Dolls" and "Legend of the BoJoBo Wishing Dolls" are a trademark.

45.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations in paragraph 45 whether Plaintiff's dolls have been sold in interstate commerce or whether they were sold in Guam or Japan and therefore deny the allegations. Additionally, Defendants lack sufficient information to form a belief as to the truth of the allegations that Plaintiffs dolls are widely sold to the public for their "high quality, beauty, and luck", and therefore the deny the allegations. Defendants further deny that Plaintiffs have any trademark rights.

46.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations in paragraph 46, therefore deny the allegations.

47.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 47 and therefore deny the allegations.

48.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 48.

49.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part the allegations in paragraph 49 that the dolls were the brainchild of Dr. William Vitarelli. However, Defendants lack sufficient information to form a belief as to the truth of the remaining allegations in paragraph 49 and therefore deny the allegations.

50.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 50.

51.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 51.

52.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 52.

53.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations in paragraph 53.

54.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part the allegations in paragraph 54 that Manuel Kisa

1    stopped producing the dolls. Defendants lack sufficient information to form a

2    belief as to the truth of the remaining allegations in paragraph 54 and

3    therefore deny the allegations.

4    55.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

5    Adriatico admit the allegations in paragraph 55.

6

7    56.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

8    Adriatico admit in part the allegations in paragraph 56 that Gus Camacho

9    stopped producing the dolls. Defendants lack sufficient information to form a

10   belief as to the truth of the remaining allegations in paragraph 56 and

11   therefore deny the allegations.

12

13   57.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

14   Adriatico admit the allegations in paragraph 57.

15   58.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

16   Adriatico admit in part the allegations in paragraph 58 that after leaving the

17   employment of Gus Camacho, Capati began making the dolls. Defendants

18   lack sufficient information to form a belief as to the truth of the remaining

19   allegations in paragraph 58 and therefore deny the allegations.

20

21   59.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J.

22   Adriatico admit in part theallegations in paragraph 59 that the wishing dolls

23   were reduces and that smaller bayogo were used to form the bodies of the

24   dolls. Defendants lack sufficient information to form a belief as to the truth

25   of the remaining allegations in paragraph 59 and therefore deny the

26   allegations.

27

28

11

60.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations in paragraph 60 regarding the Plaintiff's use of the name and legend of "BoJoBo Wishing Dolls" and therefore deny the allegations. Additionally, Defendants deny that Plaintiff ever developed a protectible trademark nor that Plaintiff ever acquired a protectible trade dress.

61.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico admit in part the allegations in paragraph 61 that from 1984 forward, Plaintiff produces, marketed and sold dolls using the term "BoJoBo Wishing Dolls" and the "Legend of the BoJoBo Wishing Dolls" However, Defendants deny the remaining allegations in paragraph 61..

62.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 62 and therefore deny the allegations.

63.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 63 and therefore deny the allegations.

64.    Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 64 and therefore deny the allegations.

65.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 65 that Plaintiff has applied for registration. However, Defendants deny that Plaintiffs have a protectible trademark.

66.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 66 that Plaintiffs have applied for registration. However, Defendants deny that Plaintiffs have a protectible trademark.

67.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 67 that Plaintiffs have applied for registration of trade dress. However, Defendants deny that Plaintiff have a protectible trade dress.

68.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 68 that Plaintiff has applied for registration of trade dress. However, Defendants deny that Plaintiffs have a protectible trade dress.

69.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 69 that Plaintiff has applied for registration of trade dress. However, Defendants deny that Plaintiffs have a protectible trade dress.

70.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 70 that Plaintiff has applied for registration of trade dress. However, Defendants deny that Plaintiffs have a protectible trade dress.

71.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 71 that Plaintiff has applied for registration of trade dress. However, Defendants deny that Plaintiffs have a protectible trade dress.

72.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part  the allegations in paragraph 72 that Plaintiff has applied for registration of trade dress. However, Defendants deny that Plaintiffs have a protectible trade dress.

73.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 73.

74.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 74.

75.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 75.

76.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations contained in paragraph 76.

77.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations contained in paragraph 77.

78.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations contained in paragraph 78.

79.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 79.

80.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 80.

81.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 81.

82.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part the allegations in paragraph 82 that he was employed by Plaintiff from 1992 to 1993. However, Defendants deny all the remaining allegations specifically admitted herein.

83.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 83.

84.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 84.

85.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part the allegations in paragraph 85 that they began producing dolls without hair, a mouth, or a hat and that the dolls did not have an infringed label. However, Defendants deny all the remaining allegations specifically admitted herein.

86.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 86.

87.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part that Defendants manufacture dolls resembling Plaintiff's. Defendants deny that any resemblance infringes upon a protectible trade dress.

88.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 88.

89. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit most of the allegations in paragraph 89. However, Defendants deny that any infringement of protectible trademark or trade dress has occurred.

90. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 90.

91. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 91 and therefore deny the allegations

92. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 92 and therefore deny the allegations

93. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 93 and therefore deny the allegations

94. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 94.

95. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 95.

96. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 96.

97.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 97.

98.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-97.

99.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 99.

100.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 100.

101.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 101.

102.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 102.

103.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 103.

104.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-103.

105.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 105.

106.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 106.

107.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 107.

108.    Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-107.

109. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 109.

110. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 110.

111. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 111.

112. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-111.

113. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 113.

114. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 114.

115. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 115.

116. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-115.

117. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 117.

118. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 118.

119. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 119.

120. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 120.

121. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-120.

122. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 122.

123. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 123

124. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 124.

125. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-124.

126. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit the allegations contained in paragraph 126.

127. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 127.

128. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 128.

129. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 129 and therefore deny the allegations.

130. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 130 and therefore deny the allegations.

131. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 131.

132. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1- 131

133. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico admit in part the allegations contained in paragraph 133. However, Defendants lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 133.

134. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 134 and therefore deny the allegations.

135. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 135 and therefore deny the allegations.

136. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-135.

137. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 137.

138. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 138.

139. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph139.

140.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 140.

141.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 141.

142.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph. 142.

143.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 143

144.   Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 144 and therefore deny the allegations.

145.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico reallege answers to paragraphs 1-144

146.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico admit in part that Plaintiff sold its dolls to the public using the name "BoJoBo Wishing Dolls". Defendants deny that the use of such name was in anyway a protectible trademark.

147.   Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 147 and therefore deny the allegations.

148.   Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 148.

149. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 149 and therefore deny the allegations.

150. Defendants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico lack sufficient information to form a belief as to the truth of the allegations contained in paragraph 150 and therefore deny the allegations.

151. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 151.

152. Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico deny the allegations contained in paragraph 152.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1. Plaintiff failed to state a claim upon which relief may be granted.

2. Lack of subject matter jurisdiction.

3. Plaintiff claimed that trademarks are not protectible because they are descriptive of the products and do not state the origin or manufacturer of the products.

4. Prior use of alleged trademark and trade dress by party other than the Plaintiff.

22

5.   Plaintiff's alleged trademark and trade dress are unregistered with the U.S. Patent and Trademark Office.

6.   Estoppel.

7.   Laches.

8.   Acquiescence.

9.   Waiver.

10.  Plaintiff's alleged trade dress is aesthetically functional.

11.  Plaintiff's alleged trade dress is not distinctive and have not acquired secondary meaning.

12.  Plaintiff's alleged trademarks have been in the public domain that they are now generic terms.

13.  Failure to join indispensable parties.

14.  Failure to prosecute action in the name of the real party and interest.

## **DEMAND FOR JURY TRIAL**

Defendants hereby request that all issues are resolved at a trial by jury.

## **COUNTERCLAIM**

COMES NOW Defendants Micronesia Woodcraft Ent., Inc. and Tirso J. Adriatico (hereinafter "counterclaimants)hereby allege the following counterclaim:

1      1.    Jurisdiction is vested in this court pursuant to 28 U.S.C §

2    1338 (b);

3      2.    Venue is properly vested in this Court pursuant to 28 U.S.C

4    § 1391 (b);

5

6

7                    **FACTUAL BACKGROUND**

8      3.    Counterclaimant Micronesia Woodcraft Ent., Inc. is a

9    CNMI domestic corporation and is licensed to do business in the CNMI;

10      4.    Counterclaimant Tirso Adriatico is a citizen of the

11   Philippines and a resident of the CNMI. Counterclaimant Adriatico is an

12   officer, director and shareholder in Micronesia Woodcraft Ent., Inc.;

13

14      5.    Upon information and belief, Plaintiff/counter-defendant

15   Rodrigo M. Capati is a citizen of the Philippines, is a resident of the CNMI,

16   and is currently conducting business under the fictitious name Saipan

17   Handicraft;

18      6.    Upon information and belief, Plaintiffcounter-defendant

19   Adela S. Capati is a citizen of the Philippines, is a resident of the CNMI, and

20   is currently conducting business under the fictitious name Saipan Handicraft;

21

22      7.    Upon information and belief, Plaintiff/counter-defendant

23   Rodel S. Capati is a citizen of the Philippines, is a resident of the CNMI, and

24   is currently conducting business under the fictitious name Saipan Handicraft;

25      9.    Counterclaimants  Micronesia Woodcraft Ent., Inc. and

26   Tirso J. Adriatico   incorporate paragraphs 1 through 152 as alleged by

27   Plaintiffs/counter-defendant complaint;

28

24

10.   Upon information and belief, during the time that Gus Camacho was producing "Bo Jo Bo Wishing Dolls" and was utilizing the "Legend of the Bo Jo Bo Wishing Doll", another party Mr. Herman Santos, was also producing "Bo Jo Bo Wishing Dolls" and using the "Legend of the Bo Jo Bo Wishing Doll";

11.   Upon information and belief, use of the name "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll" was continually in use and was used in commerce by other parties prior to and during the time that Plaintiffs were also utilizing the claimed marks;

12.   On or about 1984, Plaintiffs/counter-defendant began manufacturing and producing dolls, using the name "Bo Jo Bo Wishing Doll" and the accompanying story "Legend of the Bo Jo Bo Wishing Doll";

13.   On or about 1994, Counterclaimants also began producing the dolls and using name "Bo Jo Bo Wishing Doll" and also utilized the story "Legend of the Bo Jo Bo Wishing Doll";

14.   The first version of Counterclaimants'doll was similar to Plaintiffs'/counter-defendant doll and Counterclaimants had utilized a skirt as part of the dress of the doll;

15.   From 1996 forward, Counterclaimants doll evolved with additions being made to the dress of the dolls in the form of hair, a hat, and a painting of mouth.  These changes were made in conformance to the requests of buyers;

16.   Counterclaimants Micronesia Woodcraft enterprises, Inc. and Tirso J. Adriatico have actively and continuously produced dolls using

the name "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll", noting that the doll and the names associated with the dolls were being used by a number of parties other than Plaintiffs/counter-defendant;

17.    The terms "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll" have been in the public domain for over 40 years and no party, except Plaintiffs, has ever asserted that these terms are protectible trademarks;

18.    The addition of trade dress features to Counterclaimants' dolls were made to enhance the appearance of the dolls and were also made at the request of Defendants' customers.

## FIRST CAUSE OF ACTION

### Declaratory Relief

19.    Counterclaimants Micronesia Woodcraft Enterprises, Inc. and Tirso J. Adriatico reincorporate and reallege the assertions contained in paragraphs 1-18 of the counterclaim;

20.    Plaintiffs/counter-defendant    assert    that    they    have    a protectible trademark in the use of the terms "Bo Jo Bo Wishing Doll" and Legend of the Bo Jo Bo Wishing Doll";

21.    In addition, Plaintiffs/counter-defendant seek trade dress protection for the use of certain features on these dolls, to include the use of hair, use of a hat, use of bundled colored skirts, and the use of a mouth on the dolls;

22.    Plaintiffs/counterdefendant    have    filed    for    trademark registration for the term " Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo

Bo Wishing Doll" and have also filed for registration of their alleged trade dress;

23. The alleged trademarks of "Bo Jo Bo Wishing Doll" and "Legend of Bo Jo Bo Wishing Doll" are not protectible trademarks because these terms are not only "generic" by virtue of their use in the public domain, but these terms are only "descriptive" in nature and does not identify Plaintiffs as the origin or manufacturer;

24. Plaintiffs/counter-defendant's assertion of trade dress protection seeks to protect the use of certain features on Plaintiffs/counter-defendant's dolls that are wholly aesthetically functional;

25. In the event that the United States Patent and Trademark Office should render a decision approving the registration of Plaintiffs/counter-defendant trademark of "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll", prior to resolution of this matter with this Court, Counterclaimants seek declaratory relief holding that Plaintiffs/counter-defendant alleged trademarks are not subject to protection under the Lanham Act because these alleged marks are generic and descriptive;

26. In the event that the United States Patent and Trademark Office should render a decision approving the registration of Plaintiffs'/counter-defendant trade dress, prior to the resolution of this matter with Court, Counterclaimants seek declaratory relief holding that the Plaintiffs'/counter-defendants' alleged trade dress are not subject to

protection under the Lanham Act because the alleged trade dress is wholly aesthetically functional;

## SECOND CAUSE OF ACTION

### Tortious Interference with Contracts

27.   Counterclaimants reincorporate and reallege the assertions contained in paragraphs 1-26 of the counterclaim;

28.   As a result of the unjustified assertion of trademark and trade dress protection, Plaintiffs/counter-defendants, through their agents, assigns, or employees, with full knowledge of existing contracts between Counterclaimants and a number of different buyers to include Duty Free Shoppers, Mama's Store, and Joeten Department Store, intending to harass, annoy, persecute, injure, destroy, and interfere with Counterclaimants' business, wrongfully, intentionally, and maliciously persuaded Counterclaimants' buyers to repudiate their contracts with Counterclaimants to purchase dolls;

29.   As part of Plaintiffs'/counter-defendants' malicious conduct, they have undertaken to sell their own dolls as a replacement of Counterclaimants' products;

30.   Counterclaimants' buyers would not have repudiated and cancelled the agreement to purchase Counterclaimants' products but for the malicious, fraudulent, and wrongful representations and actions committed by Plaintiffs/counter-defendants;

31.     Counterclaimants have been damaged in the form of lost sales in an amount to be proven at trial;

32.     Counterclaimants seek injunctive relief against Plaintiffs/counter-defendants to prevent any continued action to interfere with Counterclaimants' business relations with existing or future buyers of its products.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief as follows:

1.     That Plaintiff take nothing by way of their complaints;

2.     For an order declaring that Plaintiffs' claims for trademark and trade dress protection are invalid;

3.     In the event the U.S. Trade and Patent Office approves registration of Plaintiffs trademark and trade dress prior to resolution of this matter, in addition to an order declaring the trademarks and trade dress as invalid, the Court issue another order canceling the registration of the said trademarks or trade dress;

4.     For an award of damages in favor of Defendants to be proven at trial;

5.     For an order of injunctive relief against Plaintiff prohibiting them from actions that would interfere with Defendants' efforts to sell their products;

6.     For an award of attorney's fees and costs incurred by Defendants;

7.    Such other and further relief that the Court deems just and
proper.

Dated this _*12th*_ day of May, 2006

_Danilo J. Aguilar_
_____
**DANILO T. AGUILAR, F0198**
Attorney for Defendants