ORIGINAL

1 | **LAW OFFICES OF EDWARD MANIBUSAN**
**Edward Manibusan, Esq.**
2 | P.O. Box 7934 SVRB
Tun Antonio Apa Road
3 | Saipan, MP 96950
Telephone No. 235-6520
4 | Facsimile No. 235-6522
e-mail: emlaw@vzpacifica.net
5 |
6 | Attorney for Defendants LK Corporation,
d.b.a. Rota Handicraft and Lee Byung Deuk

**F I L E D**
Clerk
District Court

MAY 1 7 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7 | UNITED STATES DISTRICT COURT
8 | FOR THE
DISTRICT OF THE NORTHERN MARIANA ISLANDS
9 |

10 | SAIPAN HANDICRAFT,              )     Civil Action No. 05-0040
                                   )
11 |                               )
          Plaintiff,              )
12 |                               )
      vs.                         )     DEFENDANTS LK CORPORATION
13 |                               )     CORPORATION, dba ROTA
   MICRONESIA WOODCRAFT ENT., INC., )    HANDICRAFT and LEE
14 | ET. AL,                        )     BYUNG DEUK OPPOSITION TO
                                   )     PLAINTIFF"S MOTION FOR
15 |          Defendants.          )     EXPANDED PRELIMINARY
                                   )     INJUNCTION
16 |                               )
                                   )     Date:  May 19, 2006
17 |                               )     Time:  9:00 a.m.
                                   )     Judge: Hon. Alex R. Munson
18 |

19 |     COMES NOW Defendants LK Corporation (LK Corp.) and Lee, Byung Deuk (Lee), by and

20 | through undersigned counsel, and hereby sets forth its opposition to Plaintiff's Motion to Expand

21 | Preliminary Injunction.  Defendant LK Corp. and Defendant Lee's opposition is supported by the

22 | attached memorandum of points and authorities, the "Rota Handicraft Bo Jo Bo Doll," Rota

23 | Legislative Delegation Resolution 14-21, the declaration of Defendant Lee, Byung Deuk, and any

24 | evidence that may be adduced at the hearing on this matter.

25 |
26 |
27 |
28 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

### INTRODUCTION

3    Plaintiff is Saipan Handicraft (Plaintiff).  Defendants are LK Corporation, dba Rota

4  Handicraft (Defendant LK. Corp.) and Lee, Byung Deuk (Defendant Lee) and numerous other

5  retailers and alleged manufacturers of "Bo Jo Bo Wishing Dolls."

6    On April 18, 2006, Plaintiff filed a civil action against Defendant LK Corp. and Defendant

7  Lee and numerous other defendants on or about April 18, 2006 setting forth causes of action

8  pursuant to Title 15 of the United States Code, including;  Use of False Designation in Interstate

9  Commerce, Trademark Infringement, Trade Dress Infringement.  Plaintiff also sets forth causes of

10  action alleging: Unfair Competition, Tortious Interference with Contracts, Interference with

11  Business Relationships with Customers, Interference with Competitor's Contract for Supply of

12  Raw Materials, Conversion, Violation of the Consumer Protection Act, 4 CMC § 5101, and Fraud,

13  Counterfeiting, Deceit.

14    On May 10, 2006, Plaintiff a Motion for Motion for an Expanded Preliminary Injunction.

15  Plaintiff "seeks an expanded preliminary injunction order to stop all Defendants from

16  counterfeiting, and selling counterfeits, of its trademarks and six (6) specific trade dress marks,

17  from infringing upon its rights at common law and under 15 U.S.C. § 1051, et. seq."

18

19

### FACTUAL BACKGROUND

20    The manufacture of  "Bo Jo Bo Wishing Dolls" allegedly began in the 1960s. Subsequently,

21  the Taimanao family on the island of Rota, Commonwealth of the Northern Mariana Islands

22  (Commonwealth) also produced and continue to produce "Bo Jo Bo Wishing Dolls."  These

23  manufacturers produced "Bo Jo Bo Wishing Dolls" long before the establishment of Saipan

24  Woodcraft, its successor Saipan Handicraft and other businesses or entities that later used the terms

25  "Bo Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll."  *See* Exhibit A. (Rota

26  Legislative Delegation Resolution No. 14-21)

27    In 1980, Mr. Capati began making Bo Jo Bo Wishing Dolls under a separate business license

28  using the name "Bo Jo Bo Wishing Dolls" and the Legend of the Bo Jo Bo Wishing Doll."  In 1984,

1  Mr. Capati began making modern style "Bo Jo Bo Wishing Dolls" and continues to do so under the
2  business name Saipan Handicraft.

3      Defendant LK Corporation is a CNMI domestic corporation, dba Rota Handicraft, licensed to
4  do business in the CNMI.    Defendant Lee, Byung Deuk is a CNMI resident and owner of Rota
5  Handicraft. Defendant LK Corp. and Defendant Lee began manufacturing and producing dolls and
6  using the name "Bo Jo Bo Wishing Doll" and the "Legend of the Bo Jo Bo Wishing Doll" on the island
7  of Rota.

8      On January 17, 2006 the Court entered an Order Granting in Part and Denying in Part
9  Plaintiff's Motion for Preliminary Injunction.

10     Defendant LK Corp. and Defendant Lee sell dolls that are of their own design and are
11  aesthetically functional.  The dolls manufactured by Defendant LK Corp. and Defendant Lee do not
12  use cards that imitate exactly the Handicraft card/label or use a card/label so closely resembling the
13  label used by Plaintiff to be nearly identical or identical. *See* Exhibit B ("Rota Handicraft Bo Jo Bo
14  Wishing Doll."

15     Defendant LK Corp. and Defendant Lee were not named Defendants in this action at the time
16  the preliminary injunction was sought and were not served with the First Amended Verified Complaint
17  until April 21, 2006.

18     The design of Defendant LK Corp. and Defendant Lees' dolls have been modified over time
19  and do not reflect any of the trade dress features claimed to be protected by Saipan Handicraft under
20  common law or United States Trademark law.  For example, the hats on the male and female dolls
21  manufactured by Defendant LK Corp. and Defendant Lee incorporate the use of a seashell, not a
22  pistachio.  These changes were made to improve their overall quality, appearance, and aesthetic value
23  for customers.

24     Defendant LK Corp. and Defendant Lee have oral contracts and agreements with buyers,
25  suppliers of materials, retailers and other businesses for the purchase of Defendant LK Corp.'s and
26  Defendant Lee's dolls or services.

27
28

1   Plaintiff, through its respective notices, newspaper publications, and verbal communications

2   concerning the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Preliminary

3   Injunction, have caused the cancellation of orders and contracts for the purchase of Defendant LK

4   Corp.'s and Defendant Lee's dolls.  Defendant LK Corp. and Defendant Lee have been damaged in

5   the form of lost sales and will continue to be irreparably harmed if the injunction is expanded.

6

7                                    **III.  ARGUMENT**

8   A.  Standard of Review for Preliminary Injunction.

9       As noted in the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for

10  Preliminary Injunction dated January 17, 2006, for a preliminary injunction to be granted, plaintiff

11  must meet one of the following standards.  "The first standard is the traditional four prong test:

12  irreparable injury, likelihood of success on the merits, balance of equities, and the public interest." *See*

13  Order Granting in Part and Denying in Part Plaintiff's Motion for Preliminary Injunction (Order) dated

14  January 17, 2006, *quoting Martin v. Int'l Olympic Comm.*, 740 F.2d 670, 674-75 (9th Cir. 1984)

15  (internal citations omitted); *see also, Sega Enterprises Ltd., Accolade, Inc.*, 977 F.2d 1510, 1517 (9th

16  Cir. 1992).

17      The 9th Circuit Court of Appeals has held that injury is presumed if the court finds that plaintiff

18  is likely to succeed on the merits.  *Id., citing GoTo.com, Inc. V. Walt Disney Co.*, 202 F.3d 1199, 1205

19  n.4 (9th Cir. 2000) (internal citations omitted).  In *GoTo.com, Inc. V. Walt Disney Co.*, the Court held

20  that "[a] plaintiff is entitled to a preliminary injunction in a trademark case when it demonstrates either

21  (1) a combination of 'probable success on the merits' and 'the possibility of irreparable injury' or (2)

22  the existence of serious questions going to the merits' and that 'the balance of hardships tips sharply

23  in his favor." *Id., quoting GoTo.com, Inc. V. Walt Disney Co.*, 202 F.3d 1199, 1204-1205 (9th Cir.

24  2000) (internal citation omitted).  Alternatively, the 9th Circuit Court of Appeals has applied a different

25  standard to trademark cases based on a sliding scale.  *See Baby Tam & Co. V. City of Las Vegas*, 154

26  F.3d 1097, 100 (9th Cir. 1998).  "These are not separate tests, but rather outreaches of the same

27  continuum."  *Baby Tam & Co.*, 154 F.3d at 100 (internal citation ommitted).

28

1          1. Likelihood of Success on the Merits.

2          Plaintiff has not shown a likelihood of success on the merits of his trademark and trade dress

3    infringement claims because Plaintiff does not have a registered trademark or trade dress and therefore

4    has no protectible statutory or common law interest. *See Yellow Cab Company of Sacramento v.*

5    *Yellow Cabl of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005) (An essential in a trademark

6    infringement claim is that the party asserting infringement must have a valid trademark.).

7          Plaintiff has also failed to show a likelihood of success on the merits because Plaintiff has not

8    met his burden of proving that the claimed, but as yet unregistered, trade mark is valid. *Id.* (If a

9    trademark is not registered, the holder asserting infringement has the burden of proving that the

10   claimed mark is valid.) Plaintiff may have applied to register trademarks and trade dress' with the

11   United States Trademark and Copyright Office, but such application is subject to publication of notice

12   and oppositions to such an application can be filed.  Notwithstanding the administrative process for

13   obtaining a registered trademark or trade dress, it is not disputed that Plaintiff does not have a

14   registered trademark.

15         Plaintiff has also failed to show a likelihood of success on the trademark infringement claims

16   because the terms "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll" have become

17   generic terms. *See Yellow Cab*, *supra* at 930.

18         Plaintiff has also failed to show a likelihood of success on the merits of his common law

19   trademark infringement claims. "The purpose of a trademark is to distinguish the goods of one person

20   from those of another . . ." *See* Order dated January 17, 2006 *citing* (*Standard Paint Co. V. Trinidad*

21   *Asphalt Mfg.*, 220 U.S. 446, 447 (1911).  Accordingly, to establish a common law trademark

22   infringement claim sufficient for a preliminary injunction, "[plaintiff] must show that it is likely to

23   prove that 'Defendant' is using a mark confusingly similar to [Plaintiff's] valid, protectable

24   trademark." Order dated January 17, 2006 *citing Brookfield Commc'ns, Inc.*, 174 F.3d at 1046.

25   Plaintiff, therefore, must show that it is likely that the trademarks or trade dress' are distinctive and

26   nonfunctional, and that there is a likelihood that the purchasers will confuse Defendant's use of the

27   marks or dress with that of Plaintiff. *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002,

28   1005 (9th Cir. 1998).  The mark is distinctive if it is either inherently distinctive or has acquired

1  distinctiveness through secondary meaning. *Id.*

2  As noted by this Court, "when Plaintiff adopted the term Bo Jo Bo Wishing Doll, the term was
3  not suggestive, arbitrary or fanciful and, therefore, not inherently distinctive with respect to Plaintiff's
4  dolls." *See* Order dated January 17, 2006 at 8, *citing Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S.
5  763, 768 (1992). Plaintiff, therefore, must show that the terms "Bo Jo Bo Wishing Doll" and "Legend
6  of the Bo Jo Bo Wishing Dolls" have secondary meaning that identify the source, manufacturer, or
7  origin of the product rather than the product itself." *See Dollcraft Co., et al. v. Nancy Ann Storybook*
8  *Dolls, Inc*, 94 F.Supp. at 5.

9  This Court, in the January 17, 2006 Order, noted that "[t]he purchasers' degree of association
10 of the marks to a single source may be shown by actual confusion by the purchasers." *See* Order dated
11 January 17, 2006 at 8, *citing Japan Telecom, Inc. v. Japan Telecom Am. Inc.*, 287 F.3d 866, 873-74
12 (9th Cir. 2002). The Court further noted that "[Saipan Handicraft] has not shown that purchasers were
13 actually confused Defendants use of the term Bo Jo Bo Wishing Dolls or Legend of the Bo Jo Bo
14 Wishing Dolls." *Id.*

15 Plaintiff now seeks, in its Motion to Expand the Preliminary Injunction, to claim that its
16 purchasers are "actually confused" by Defendants use of the term Bo Jo Bo Wishing Dolls or Legend
17 of the Bo Jo Bo Wishing Dolls. *See* Paragraphs 21, 23-24 of Plaintiff's Memorandum in Support of
18 Motion to Expand Preliminary Injunction. Plaintiff, however, has only submitted "evidence" of
19 alleged counterfeits made by unknown individuals who cannot be apprehended because they are of
20 Korean or Chinese ethnicity and the pursuit of the "counterfeiters" is akin to "chasing ghosts."

21 Plaintiff, however, has not shown that Defendant LK Corp. and Defendant Lee have engaged
22 in any of this activity nor that they have violated the terms of the Order Granting in Part and Denying
23 in Part Plaintiff's Motion for Preliminary Injunctions. See Exhibit C ("Declaration of Lee, Byung
24 Deuk). In fact, Defendant LK. Corp. and Defendant Lee voluntarily complied with the injunction even
25 before being added as defendants in this matter. Plaintiff, therefore, is using the alleged actions of
26 certain un-named individuals to try and prevent Defendant LK Corp. and  Defendant Lee, as well as
27 other parties in this matter, from lawfully engaging in the manufacture and distribution of dolls that
28 do not infringe upon any trademark or trade dress claimed by Plaintiff.

1    Plaintiff's motion for expanded preliminary injunction, therefore, still seeks to prevent parties

2  from incorporating, using, or otherwise use trade dress materials and features that are not distinctive,

3  are aesthetically functional and have not acquired secondary meaning.  *See* Exhibit B.  ("Rota

4  Handicraft Bo Jo Bo Wishing Doll")

5    Plaintiff's motion and exhibits have not changed the fact that Plaintiff does not have a

6  registered trademark or registered trade dress, but rather, has only applied for such trademarks and

7  trade dress.    Defendant LK Corp. and Defendant Lee have not infringed upon Plaintiff's alleged

8  trademark or alleged trade dress designations or used a colorable imitation of Plaintiff's trademark or

9  trade dress.  Defendant  LK Corp. and Defendant Lee have not advertised in interstate commerce a

10 mark bearing a similar design.. *See* Exhibit B. ("Rota Handicraft Bo Jo Bo Wishing Doll").

11    2. Irreparable Harm.

12    Plaintiff has failed to show that it will suffer irreparable harm if the expanded preliminary

13 injunction is not issued.  Plaintiff cites case law to the effect "damages occasioned by trademark or

14 trade dress infringement are by their very nature irreparable." *See* Plaintiff's Motion at 6, *citing*

15 *Foundry Servs., Inc. v. Beneflux Corp.*, 206 F.2d 214, 215 (2d Cir. 1953).  Plaintiff, however, does not

16 have a registered trademark or trade dress and is not entitled to this presumption.  Plaintiff, as noted

17 herein, has not established that Defendants have shown a "likelihood of confusion" due to the actions

18 or that "purchasers were actually confused."

19    3. Balance of the Equities.

20    The balance of the equities favor Defendant LK Corp. and Defendant Lee, who have acted

21 lawfully and in accordance with the orders of the Court.  Defendant LK Corp. and Defendant Lee have

22 already been damaged by the actions of Plaintiff after the issuance of its respective notices, newspaper

23 publications, and verbal communications concerning the Court's Order Granting in Part and Denying

24 in Part Plaintiff's Motion for Preliminary Injunction.  These actions resulted in the cancellation of

25 orders and contracts for the purchase of Defendant LK Corp.'s and Defendant Lee's dolls.  Defendant

26 LK Corp. and Defendant Lee have been damaged in the form of lost sales and will continue to be

27 irreparably harmed if the injunction is expanded.

28

1    4. Public Interest.

2        It is in the interest to protect trademark and trade dress rights.  It is also in the public interest

3  to allow individuals and companies to engage in lawful commerce and not be publicly labeled as

4  "thieves."  In addition, representations have been made, upon information and belief, that Plaintiff's

5  counsel has agreed not to seek to enjoin the manufacture of Bo Jo Bo Wishing Dolls made in Rota.

6  Specifically, Rota Legislative Delegation Resolution 14-21 states, in pertinent part:

7

8        WHEREAS, as a result of the public concern, a meeting was held at the Legislature
         with F. Matthew Smith, Esq., attorney for a party litigating an intellectual property
9        dispute concerning a doll made from byogo, and at such meeting it was agred that
         bayogo dolls made in Rota generally, and specifically those made by the Taimanao
10       family, did nto interfere with the rights of his client,

11
   See Exhibit A. (Rota Legislative Delegation Resolution No. 14-21 at page 2)
12

13
                              **CONCLUSION**
14

15       Plaintiff has not shown a likelihood of success on the merits of his trademark and trade

16  dress infringement claims against Defendant LK Corp. and Defendant Lee, has failed to establish

17  irreparable harm, and failed to show that the Defendant LK Corp. and Defendant Lee will not be

18  harmed by expanding the preliminary injunction.  For these reasons, Defendant LK Corp. and

19  Defendant Lee ask the court to deny Plaintiff's Motion for Expanded Preliminary Injunction..

        Defendant LK Corp. and Defendant Lee further respectfully ask for costs to be assessed
20
   against Plaintiff.  See  G. W. Cole v Cole's Many--Use Oil Co. (1906, CCD NY) 147 F 930.
21
   (Where upon final hearing, complainant was unable to prove inadequacy of preliminary injunction,
22
   he was liable for costs of attempt  to enlarge injunctive order.)
23

24
        RESPECTFULLY SUBMITTED this 17h day of May 2006.
25

26

27       Edward Manibusan
         Attorney for Defendants LK Corporation,
28       d.b.a. Rota Handicraft and Lee Byung Deuk.


                    Opposition to Motion Page 8 of  8

EXHIBIT
A



# ROTA LEGISLATIVE DELEGATION
## FOURTEENTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

**FOURTH SPECIAL SESSION, 2005**       **ROTA LEGISLATIVE DELEGATION**
**RESOLUTION NO. 14-21**

Introduced by Senator Paul A. Manglona

## A ROTA LEGISLATIVE DELEGATION RESOLUTION

Reaffirming the Rota Legislative Delegation's desire that the people of Rota continue to engage in the design and manufacture of handicrafts utilizing bayogo; and for other purposes.

1   **WHEREAS,** for reasons of geography, politics and demographics, the island of Rota
2   has traditionally lacked manufacturing and heavy industry such that its economy is not as
3   robust as those of neighboring islands; and

4   **WHEREAS,** the lack of heavy manufacturing coupled with the intelligent stewardship
5   and ecological awareness of the people of Rota has left the island of Rota in an almost pristine
6   condition, such that native plants abound in numbers which are both ecologically and
7   economically significant; and

8   **WHEREAS,** in recognition of the foregoing, with the tacit approval of the other
9   Legislative Delegations, and with the express approval of Governor Juan N. Babauta, the Rota
10  Legislative Delegation enacted Rota Local Law 13-3, the "Bayogo Exportation Ban Act of
11  Rota"; and

12  **WHEREAS,** the stated purpose of Rota Local Law 13-3 is to "ban the exportation of
13  raw bayogo, unless it is manufactured and assembled in Rota in the form of handicraft or
14  finished product ready to be exported and sold to gift shops or other outlets outside of Rota,"
15  thereby encouraging the people of Rota to establish handicraft manufacturers as a source of
16  income; and

17  **WHEREAS,** it was then and remains now the stated preferred public policy of the
18  Commonwealth of the Northern Mariana Islands that the people of Rota be encouraged to

**Rota Legislative Delegation Resolution No. <u>14-21</u>**

1  utilize bayogo to produce handicrafts both as a means of preserving culture as well as for

2  financial gain; and

3       **WHEREAS**, recently, due to miscommunication, some have mistakenly called into

4  question the right of the people of Rota to manufacture handicrafts utilizing bayogo; and

5       **WHEREAS**, as a result of the public concern, a meeting was held at the Legislature

6  with F. Matthew Smith, Esq., attorney for a party litigating an intellectual property dispute

7  concerning a doll made from bayogo, and at such meeting it was agreed that the bayogo dolls

8  made in Rota generally, and specifically those made by the Taimanao family, did not interfere

9  with the rights of his client; now therefore

10      **BE IT RESOLVED,** by the Rota Legislative Delegation of the Fourteenth Northern

11  Marianas Commonwealth Legislature, that the cultivation and harvesting of bayogo by the

12  people of Rota are encouraged, as a source of family income and to provide raw materials to

13  the artisans producing the traditional handicrafts utilizing these natural resources; and

14      **BE IT FURTHER RESOLVED,** that the Rota Legislative Delegation hereby

15  reaffirms the Legislature's desire that the people of Rota continue to design, craft and

16  manufacture handicrafts utilizing bayogo, thereby preserving what is considered to be a distinct

17  aspect of cultural heritage as well as for commercial gain; and

18      **BE IT FURTHER RESOLVED,** that businesses producing handicrafts made of

19  bayogo are encouraged to establish operations on the island of Rota and that these businesses

20  are encouraged to employ the people of Rota in all aspects of the harvesting, production, sales,

21  marketing, and management of such businesses; and

22      **BE IT FURTHER RESOLVED,** that businesses are encouraged to exercise creativity

23  in the use of bayogo to manufacture a multitude of products that might be sold to tourists and

24  exported to places, such as Japan, where the bayogo is recognized for its natural beauty when

25  incorporated into traditional handicrafts; and

26      **BE IT FURTHER  RESOLVED,** that the exportation from the island of Rota of raw

27  bayogo, not incorporated into a finished handicraft product shall continue to be prohibited to

28  encourage business activity on Rota and to maximize the benefits to the people of Rota from

29  their own natural resources; and

Rota Legislative Delegation Resolution No. <u>14-21</u>

1    **BE IT FURTHER RESOLVED,** that the Chairman of the Rota Legislative Delegation
2    shall certify, and the Legislative Secretary of the Rota Legislative Delegation shall attest to the
3    adoption of this resolution and the Delegation Clerk shall thereafter transmit certified copies to:
4    the Honorable Juan N. Babauta, Governor of the Commonwealth of the Northern Mariana
5    Islands; to the Honorable Benigno R. Fitial, Speaker, House of Representatives; to the
6    Honorable Benjamin T. Manglona, Mayor of Rota; to the members of the Rota Municipal
7    Council; to Mr. Francisco R. Taimanao; and to Attorney F. Matthew Smith.

*Adopted by the Rota Legislative Delegation on December 28, 2005.*

CERTIFIED BY:                                ATTESTED TO BY:

Diego M. Songao                              Paul A. Manglona
Chairman                                     Legislative Secretary

EXHIBIT

C

1  **LAW OFFICES OF EDWARD MANIBUSAN**
   Edward Manibusan, Esq.
2  P.O. Box 7934 SVRB
   Tun Antonio Apa Road
3  Saipan, MP 96950
   Telephone No. 235-6520
4  Facsimile No. 235-6522
   e-mail: emlaw@vzpacifica.net
5
   Attorney for Defendants LK Corporation,
6  d.b.a. Rota Handicraft and Lee Byung Deuk

7                  UNITED STATES DISTRICT COURT
                          FOR THE
8          DISTRICT OF THE NORTHERN MARIANA ISLANDS

9  SAIPAN HANDICRAFT,                      )    Civil Action No. 05-0040
                                           )
10                                         )
                                           )
11           Plaintiff,                    )
                                           )
12      vs.                                )    DECLARATION OF
                                           )    LEE, BYUNG DEUK
13  MICRONESIA WOODCRAFT ENT., INC.,       )
    ET. AL.,                               )
14                                         )
             Defendants.                   )
15  _____)

16    I, LEE, BYUNG DEUK, do hereby declare under penalty of perjury that the foregoing is true and

17  correct:

18

19        1.    I am the President of L.K. Corporation, dba Rota Handicraft and have personal

20              knowledge of the matters set forth herein.

21

22        2.    That I am a citizen of the Republic of Korea and am of Korean heritage.

23

24        3.    That I have looked at Exhibits I of Plaintiff's Motion for Expanded Preliminary

25              Injunction.

26

27        4.    That I have looked at Exhibit I(1) of Plaintiff's Motion for Expanded Preliminary

28              Injunction.

                              Page 1 of 2

1

2    4.    That I never caused, ordered, or otherwise ordered or transacted with Pacific Quick

3          Print in Garapan to make copies of a "Saipan Handicraft blue card" as shown in

4          Exhibit I and Exhibit I(1) of Plaintiff's Motion for Expanded Preliminary Injunction

5          on March 13, 2006 or at any other time.

6

7    5.    That I do not own a silver Toyota Echo (License No. ABY 204) and do not know of

8          any individual, employee or other person that owns, leases or otherwise utilizes a

9          vehicle with such make, model and license number.

10

11   6.    That I have looked at Plaintiff's Exhibit G, Exhibit G(1).

12

13   7.    That I have never caused, ordered, or otherwise ordered or transacted with Pacific

14         Quick Print in Garapan to make copies of a "Saipan Handicraft blue card" as shown

15         in Exhibit I and Exhibit I(1) of Plaintiff's Motion for Expanded Preliminary

16         Injunction on March 13, 2006 or at any other time.

17

18   I declare under penalty of perjury under the laws of the United States of America that the

19   foregoing statements are true to the best of my knowledge; and make this declaration on May 17,

20   2006, in As Perdido, Saipan, Commonwealth of the Northern Mariana Islands

21

22                                        _____

23                                        LEE, BYUNG DEUK

24

25

26

27

28

Page 2 of 2