ORIGINAL
Clerk
District Court
MAY 18 2006
For The Northern Mariana Islands
By_____
(Deputy Clerk)

Richard W. Pierce, Law Office
P.O. Box 503514
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile: (670) 235-3427

Attorney for Kan Pacific Saipan Ltd., Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>    Plaintiff,<br><br>vs.<br><br>MICRONESIAN WOODCRAFT ENT., INC. ET AL.,<br><br>    Defendants. | Civil Action No. 05-0040<br><br>OPPOSITION TO EXPANDED PRELIMINARY INJUNCTION<br><br>Time: 9:30 a.m.<br>Date: May 19, 2006 |

    Kan Pacific Saipan, Ltd.; Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy respond to Plaintiff's request for an expanded preliminary injunction.

**Plaintiff Makes No Showing That These Four Defendants Should Be Enjoined**

    It is axiomatic that the Court cannot enjoin a defendant from producing or selling an item in competition with the Plaintiff unless the Plaintiff shows that the particular defendant is unlawfully harming the Plaintiff. The Plaintiff admits that "Handicraft should show that Defendants are using a mark confusingly similar to Handicraft's valid protectable trademark." Plaintiff's <u>Memorandum in Support of Motion for Expanded</u>

Preliminary Injunction at 7. Here, the Plaintiff makes no showing whatsoever that these four defendants are transgressing any accepted or likely mark of Plaintiff's.

The exhibits filed by the Plaintiff in support of his request for an expanded preliminary injunction raise issues with respect to straw men, not entitles before this Court. The declaration of Joe C. Cabrera filed by Plaintiff does not reference any of these four defendants or any of the defendants for that matter except for Haney and Lee, Byung Deuk. *See also* Exhibits D, E, F G, I, and J to Plaintiff's Memorandum in Support of Motion for Expanded Preliminary Injunction (no reference to the defendants). The only purported evidence to these four defendants is the naked, first amended complaint ("FAC"). While verified, the FAC is not based on personal knowledge and lacks any specificity with respect to facts.

The verified first amended complaint states "on information and belief," in broad, conclusory terms, that the four defendants engaged in trademark violations.[1] *See* First Amended Complaint, ¶¶ 10, 16, 16, 17, 23. That is the sum total of the evidence against these defendants and should be insufficient to stop competition and trade.[2]

The value for this Court from a verified complaint is its equivalence to affidavits based upon personal knowledge. *See McElyea v. Babbitt*, 833 F.2d 196, 197 (9th

---

[1] The term "information and belief" indicates that the allegations are not based on the firsthand knowledge of the person making the allegation, but the person nevertheless, in good faith, believes the allegation to be true. *See Dorsey v. National Enquirer, Inc.*, 973 F.2d 1431, 1437 (9th Cir. 1992), *citing to* Black's Law Dictionary 701 (5th ed. 1979).

[2] *See* RESTATEMENT (THIRD) UNFAIR COMPETITION, § 16, *cmt. a.: Scope*. The freedom to engage in business and to compete for the patronage of prospective purchasers generally includes, in the absence of a patent or copyright, the freedom to copy the goods and marketing methods of others. However, the freedom to copy is qualified by the law of trademarks to the extent necessary to prevent confusion as to the source or sponsorship of goods or services.

Cir.1987) (A plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence.); *Ward v. Moore,* 414 F.3d 968, 970 (8th Cir. 2005) ("Because Ward verified her second amended complaint under penalty of perjury, it is the equivalent of an affidavit and can serve as her response to the defendants' summary judgment motion under Federal Rule of Civil Procedure 56(e)").

That is not to say that the Court cannot consider the unsupported information and belief in granting a preliminary injunction; however, more than conclusory hearsay in a complaint should be required. *See Marshall Durbin Farms, Inc. v. National Farmers Organization, Inc.*, 446 F.2d 353, 357 (5th Cir. 1971) ("the district courts have shown appropriate reluctance to issue such orders where the moving party substantiates his side of a factual dispute on information and belief").

With first-hand knowledge, Commonwealth Pacific International, Inc., Full House, Inc. and Ta Bun Kuy deny transgressing the marks for which this Court has issued a preliminary opinion and affirm that they have affirmatively taken steps to avoid a dispute. *See* Declaration of Ta Bun Kuy, filed this date. Within the short time allowed for a response, counsel has been unable to obtain declarations from the other defendants. However, there is information available that Saipan Handicraft has no exclusive rights to BoJoBo wishing dolls. *See* Declaration of Richard W. Pierce, filed herewith.

Perhaps the individuals that call themselves Saipan Handicraft are frustrated at the inability to sell their product in unfair competition by entities that use the Saipan Handicraft name or perhaps they are merely frustrated by the truism that temporarily faddish products such as wishing dolls and pet rocks do not sell forever. The declining

market may be in part due to the Plaintiff's own making. See Kuy Declaration, ¶ 10. Whatever the frustration, the Plaintiff cannot arrest legitimate competition without a showing greater than "information and belief." And to paraphrase this Court's order, at 6, of January 17, 2006, if one defendant is infringing on a protected mark that is entirely distinct from whether another defendant or a non-defendant is infringing.

**Plaintiff Has Not Shown a Likelihood of Success on Expanded Marks**

The theme of Plaintiff's motion appears to be that since the Court's order of January 17, 2006, the value of Plaintiff's signature is shown by the fact that certain, unknown entities have utilized the name Saipan Handicraft or a close equivalent, on a BoJoBo wishing doll with a pistachio nut cap and with a packaging card resembling Plaintiff's. See Plaintiff's Memorandum, Ex. D and F. Presumably, prior to the Order of January 17, 2006, entities did not copy Plaintiff's name. If it had been copied, Plaintiff would have shown the copying to the Court, and we would now be before the court on the same evidence that produced the January 17th Order.

If indeed the copying has occurred, the copying is a testament to the validity of the Court's Order, not to a need to an expanded protection for Plaintiff's product. The Court determined that, in likelihood, Plaintiff had a source signature in its name, the pistachio nut hat, and the card as designed and used. With competition present, Plaintiff has emphasized its so-called original BoJoBo wishing doll.

There is no additional evidence to rebut the Court's determination that Saipan Handicraft is unlikely to prevail in its effort to essentially obtain trade dress protection for its entire doll and the phrase Wishing Doll. The phrase is common. The Japanese have a traditional daruma wishing doll, and in Hawaii, it is the coconut wishing doll. The phrase

is a short story and a song. *See* Declaration of Richard W. Pierce. The idea of a wishing doll made from boyogo beans is not the idea of Saipan Handicraft, *see* Declaration of Richard W. Pierce, and even if it were, the idea and the general product could not be protected from competition. The purpose of protection is to permit an owner to inform the public of the source of its products, without permitting the owner to exclude competition from functionally similar products. *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 33 (2d Cir.1995).

Plaintiff has offered no additional information that BoJoBo dolls bearing a white mouth, a red nose or a Hawaiian styled dress have source identification to Plaintiff, rather than generalized characteristics of the product or like products. If the particular feature is an important ingredient of the product, "the interest in free competition permits its imitation in the absence of a patent or copyright." *Pagliero v. Wallace China Co.*, 198 F.2d 339, 343 (9th Cir. 1952). While that principle may not be applicable to packaging, marketing or names, *see Fabrica Inc. v. El Dorado Corp.* 697 F.2d 890, 895 (9th Cir. 1983) ("this court has specifically limited application of the *Pagliero* functionality test to product features"), Saipan Handicraft has shown no evidence that it product features were intended to distinguish it from other doll makers or that the features are any more than that "which constitute the actual benefit that the consumer wishes to purchase, as distinguished from an assurance that a particular entity made, sponsored, or endorsed a product." *International Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980).

While the choice of color for a nose or a mouth or a dress could be protected if the protection did not hinder competition and the color provided source identification, Saipan

-5-

Handicraft has provided no proof on source identification or competition.. *See generally Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 164-165, 169 115 S. Ct. 1300, 1303-1304, 1306 (1995) ("The functionality doctrine thus protects competitors against a disadvantage (unrelated to recognition or reputation) that trademark protection might otherwise impose, namely, their inability reasonably to replicate important non-reputation-related product features"). Saipan Handicraft has the burden of proof that the color of the product features is non-functional. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1506 (9th Cir. 1987).

### The Court's Preliminary Injunction Should As Is

Saipan Handicraft has submitted no new evidence that would warrant this Court's altering its order of January 17, 2006. If there are entities that copy the Saipan Handicraft name, Saipan Handicraft should identify the entities and seek protection from the Court against those entities. This is no occasion to enjoin activity by other defendants or to expand the preliminary protection afforded Saipan Handicraft.

Respectfully submitted this   day of May , 2006.

RICHARD W. PIERCE
For Kan Pacific Saipan, Ltd.; Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy