F I L E D
Clerk
District Court

MAY 26 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Plaintiff.

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>            Plaintiff,<br>vs.<br><br>MICRONESIA WOODCRAFT ENT., INC., et al.,<br><br>            Defendants. | Civil Action No. 05-0040<br><br>**ANSWER OF PLAINTIFF TO COUNTER CLAIMS; AFFIRMATIVE DEFENSES** |

## ANSWER

Plaintiff Saipan Handicraft, Rodrigo M. Capati, Adela S. Capati and Rodel S. Capati (collectively "Handicraft") hereby answers the Counterclaim filed herein, on May 12, 2006, by Defendant Micronesia Woodcraft Ent., Inc. and Tirzo J. Adriatico (collectively "Woodcraft") as follows:

1. Handicraft admits the allegations contained in paragraphs 1, 2, 3, 4, 20 and 22.

2. Handicraft denies the allegations contained in paragraphs 10, 11, 17, 23, 24, 28, 29, 30 and 31.

3. With respect to the allegations contained in paragraph 5, Handicraft admits that Rodrigo M. Capati is a permanent resident of the CNMI, is conducting business as Saipan

Handicraft, and is a citizen of the Phillippines.

4. With respect to the allegations contained in paragraph 6, Handicraft admits that Adela S. Capati is an immediate relative resident of the CNMI, is conducting business as Saipan Handicraft, and is a citizen of the Philippines.

5. With respect to the allegations contained in paragraph 7, Handicraft admits that Rodel S. Capati is a resident of the CNMI and is conducting business as Saipan Handicraft, but denies that he is a citizen of the Philippines.

6. Paragraphs 9, 19, 25, 26, 27 and 32 do not contain allegations that require an admission or denial; to the extent an admission or denial is required, Handicraft denies the same.

7. With respect to the allegations contained in paragraph 13, Handicraft is without information sufficient to answer the allegations contained therein, and, therefore, denies the same.

8. With respect to the allegations contained in paragraph 12, Handicraft admits that it was manufacturing and producing dolls in 1984, using the name and legend, but denies that such production or use by its principals first began in that year.

9. With respect to the allegations contained in paragraph 14, Handicraft admits that Woodcraft used a flat, stiff skirt on its first dolls but is without information sufficient to answer the remaining allegations contained therein, and, therefore, denies the same.

10. With respect to the allegations contained in paragraphs 15 and 18, Handicraft admits that Woodcraft changed its dolls to match the exact look and dress of Handicraft's dolls; but is without sufficient information to answer the other allegations contained therein, and therefore, denies the same.

11. With respect to the allegations contained in paragraph 16, Handicraft admits that

Woodcraft is actively using the words "Bo Jo Bo Wishing Doll" and "Legend of the Bo Jo Bo Wishing Doll", but denies that other parties were using the same in a manner that prevented Handicraft from lawfully obtaining a trademark interest in them or before the popularity of the dolls exploded.

12. With respect to the allegations contained in paragraph 21, Handicraft admits that it seeks trade dress protection for its overall look and distinctive features; but denies that Woodcraft's listing in paragraph 21 is a complete or accurate recounting of its features or claims.

13. There is no paragraph 8 in Woodcraft's Counterclaim.

### AFFIRMATIVE DEFENSES

As for its affirmative defenses, Handicraft alleges as follows:

1. At all times, Handicraft acted in good faith and with fair dealing.

2. Woodcraft's counterclaims fail to state a claim upon which relief may be granted.

3. Woodcraft's counterclaims are barred by unclean hands, bad faith and a calculated plan or conspiracy to try and unfairly steal and infringe upon the interests and rights of Handicraft.

4. Woodcraft is estopped and prevented by its own acts from obtaining the relief sought by its counterclaims.

5. Handicraft's trademark and trade dress rights, features and interests are protected by both federal and common law.

6. Handicraft's features and marks as alleged are unique, distinctive, identified with Handicraft, have acquired secondary meaning and state that the origin and source of the dolls is Handicraft.

## PRAYER FOR RELIEF

Handicraft prays that this Court grant it the following relief:

1. That Woodcraft take nothing from its Counterclaims against Handicraft;

2. That Woodcraft's Counterclaims be dismissed with prejudice;

3. An award of costs against Woodcraft for defending against the Counterclaims; and

4. For such other and further relief as this Court may find just and proper.


Respectfully submitted this _____5-26-06_____.


_____
F. MATTHEW SMITH
Attorney for Plaintiff