ORIGINAL

1  **LAW OFFICES OF EDWARD MANIBUSAN**
   **Edward Manibusan, Esq.**
2  P.O. Box 7934 SVRB
   Tun Antonio Apa Road
3  Saipan, MP 96950
   Telephone No. 235-6520
4  Facsimile No. 235-6522
   e-mail: emlaw@vzpacifica.net
5
   Attorney for Defendants LK Corporation,
6  d.b.a. Rota Handicraft and Lee Byung Deuk

F I L E D
Clerk
District Court

JUN ~ 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

7              UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS
8

9  SAIPAN HANDICRAFT,                    )    Civil Action No. 05-0040
                                          )
10                                        )
                                          )
11         Plaintiff,                     )
                                          )
12     vs.                                )    ANSWER OF DEFENDANTS LK
                                          )    CORPORATION, dba ROTA
13 MICRONESIA WOODCRAFT ENT., INC.,       )    HANDICRAFT and LEE
   ET. AL.                                )    BYUNG DEUK to PLAINTIFF'S
14                                        )    FIRST AMENDED VERIFIED
                                          )    COMPLAINT; COUNTERCLAIM;
15         Defendants.                    )    DEMAND FOR JURY TRIAL
                                          )
16

17         COMES NOW Defendants LK Corporation (LK Corp.) and Lee, Byung Deuk (Lee), by and

18 through undersigned counsel, and hereby answers the allegations set forth in Plaintiff Saipan

19 Handicraft's (Handicraft) First Amended Verified Complaint, as follows:

20

21 1.     Defendant LK Corp. and Defendant Lee admit the allegations in paragraph 1.

22

23 2.     Defendant LK Corp and Defendant Deuk deny the allegations in paragraph 2.

24

25 3.     Defendant LK Corp. and Defendant Lee admit the allegations in paragraph 3

26

27 4.     With respect to paragraphs 4 through 25, Defendant LK Corp. and Defendant Lee are without

28        knowledge or information sufficient to form a belief as to the truth of the allegations, and on

                  Answer to First Amended Complaint - Page 1 of  14

1    that basis, deny the allegations.

2

3    5.    With respect to paragraph 26, Defendant LK Corp. and Defendant Lee admit that LK
4          Corporation is a CNMI Corporation, which does business in the CNMI as Rota Handicraft.
5          Defendant LK Corp. and Defendant Lee are without knowledge or information sufficient to
6          form a belief as to the truth of the allegations, and on that basis, deny all other allegations in
7          paragraph 26.

8

9    6.    With respect to paragraph 27, Defendant LK Corp. and Defendant Lee are without knowledge
10         or information sufficient to form a belief as to the truth of the allegations, and on that basis,
11         deny the allegations.

12

13   7.    With respect to paragraph 28, Defendant LK Corp. and Defendant Lee admit that Lee Byung
14         Deuk is a CNMI resident and owner of Rota Handicraft.  Defendant LK Corp. and Defendant
15         Lee are without knowledge or information sufficient to form a belief as to the truth of the
16         remaining allegations, and on that basis, deny all other allegations in paragraph 28.

17

18   8.    With respect to paragraphs 29 through 40, Defendant LK Corp. and Defendant Lee are
19         without knowledge or information sufficient to form a belief as to the truth of the allegations,
20         and on that basis, deny the allegations.

21

22   9.    With respect to paragraphs 41 through 64, Defendant LK Corp. and Defendant Lee are
23         without knowledge or information sufficient to form a belief as to the truth of the allegations,
24         and on that basis, deny the allegations.

25

26   10.   With respect to paragraphs 65 through 72, Defendant LK Corp. and Defendant Lee are
27         without knowledge or information sufficient to form a belief as to the truth of the allegations,
28         and on that basis, deny the allegations.

11. With respect to paragraph 73, Defendant LK Corp. and Defendant Lee are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny the allegations.

12. Defendant LK Corp. and Defendant Lee deny any and all allegations in paragraphs 1-73 of the First Amended Complaint not specifically admitted herein.

13. With respect to paragraph 74, Defendant LK Corp. and Defendant Lee deny the allegation that Plaintiff's "trademarks became famous and acquired a secondary meaning with the public as indicating a single source of quality hand-crafted traditional dolls." With respect to the remaining allegations in paragraph 74, Defendant LK Corp. and Defendant Lee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, deny the remaining allegations.

14. With respect to paragraph 75, Defendant LK Corp. and Defendant Lee deny the allegation that Plaintiff "had acquired an impressive and valuable reputation with the public due to the excellent quality of the dolls manufactured and sold by it." With respect to the remaining allegations in paragraph 75, Defendant LK Corp. and Defendant Lee are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis, deny the remaining allegations.

15. With respect to paragraphs 76 through 78, Defendant LK Corp. and Defendant Lee are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny the allegations.

16. With respect to paragraph 79, Defendant LK Corp. and Defendant Lee deny the allegations that "[b]y virtue of their decades of consistent and diligent efforts and cultivated look,

1   [Plaintiff] has made the 'Bo Jo Bo Wishing Dolls' name, legend, mark as well as the

2   distinctive look and trade dress famous, which protected trade dress is not a functional part

3   of the dolls."

4

5   17.   With respect to paragraph 80, Defendant LK Corp. and Defendant Lee admit marketing and

6   selling dolls. Defendant LK Corp. and Defendant Lee deny the allegation that Plaintiff lacked

7   knowledge of Defendant LK Corp. and Defendant Lee's activities. Defendant LK Corp. and

8   Defendant Lee deny the allegation that Plaintiff did not consent to its activities. Defendant

9   LK Corp. and Defendant Lee deny the allegation that Plaintiff "has established extensive and

10  valuable goodwill in connection with its dolls identified by its trademarks and unique dress."

11  Defendant LK Corp. and Defendant Lee deny the allegation that they, "with full knowledge

12  of the existence and reputation of [Plaintiff's] dolls, and with specific intent to deprive

13  [Plaintiff] of the great profits [Plaintiff] was enjoying through the sale of its dolls, began

14  making, marketing and selling, and they continue to make, market and sell, dolls that copy and

15  use, without permission, the trademarks and trade dress of [Plaintiff]." Defendant LK Corp.

16  and Defendant Lee, to the extent not specifically admitted, deny all other allegations in

17  paragraph 80.

18

19  18.   With respect to paragraph 81, Defendant LK Corp. and Defendant Lee deny the allegation

20  that "dolls manufactured and sold by Defendants use cards that imitate exactly the

21  Handicraft card/label or use a card/label so closely resembling the label used by [Plaintiff]

22  as to be nearly identical or identical."

23

24  20.   With respect to paragraph 82, Defendant LK Corp. and Defendant Lee deny the allegation

25  that they "have known of the use of [Plaintiff's] trademarks to identify [Plaintiff's]

26  marketing of its dolls. Defendant LK Corp. and Defendant Lee admit receiving a letter

27  from Plaintiff dated January 23, 2006 "RE: Notice of Injunction, Litigation" and verbal

28

Answer to Verified Complaint - - Page 4 of 14

1  communications.  Defendant LK Corp. and Defendant Lee deny the remaining allegations

2  as to any manner of actual or constructive notice.  Defendant LK Corp. and Defendant Lee

3  are without knowledge or information sufficient to form a belief as to the truth of the

4  remaining allegations, and on that basis, deny the remaining allegations.

5

6  21.  With respect to paragraph 83, Defendant LK Corp. and Defendant Lee deny the allegation

7  that they are using the symbols, names, marks of Plaintiff's dolls in connection with the

8  sale, offering for sale, distribution, advertising, and promotion of their dolls.  Defendant

9  LK Corp. and Defendant Lee deny the allegation that they have "acted and are acting with

10  the purpose of taking the benefit of the favorable reputation and valuable goodwill which

11  [Plaintiff] has established in its trademarks."  Defendant LK Corp. and Defendant Lee

12  deny the allegation that they caused or are "causing their dolls to be passed off as made,

13  authorized, sponsored, or endorsed by or otherwise connected with [Plaintiff]."

14

15  22.  With respect to paragraph 84, Defendant LK Corp. and Defendant Lee deny the allegation

16  that they selected, used and are using "similar or confusing names, legends, marks or trade

17  dress in connection with the sale, offering for sale, distribution, advertising, and promotion

18  of their dolls with the purpose of taking the benefit of the favor able reputation and

19  valuable goodwill which [Plaintiff] has established in its trademarks."  Defendant LK

20  Corp. and Defendant Lee deny the allegation that they have caused or are causing "the

21  dolls of others to be passed off as made, authorized, sponsored, or endorsed by or

22  otherwise connected with [Plaintiff]."

23

24  23.  With respect to paragraph 85, Defendant LK Corp. and Defendant Lee admit the allegation

25  that they have modified their dolls over time.  Defendant LK Corp. and Defendant Lee

26  deny the allegation that they modified their dolls over time "to more and more close

27  resemble the Handicraft dolls."  Defendant LK Corp. and Defendant Lee deny the

28

Answer to Verified Complaint - - Page 5 of 14

allegation that they modified their dolls "until they were exact imitations and complete

counterfeits." Defendant LK Corp. and Defendant Lee are without knowledge or

information sufficient to form a belief as to the truth of the allegation  that Defendant

Tirzo J. Adriatico and Defendant Micronesia Woodcraft Ent. Inc. "began producing dolls

that did not have hair, a mouth or a hat and that had no infringing label attached," and on

that basis, deny the allegations.     Defendant LK Corp. and Defendant Lee are without

knowledge or information sufficient to form a belief as to the truth of the allegations that

female doll skirts produced by Defendant Tirzo J. Adriatico and Defendant Micronesia

Woodcraft Ent. Inc. "were distinctly stiff and flat," and on that basis, deny the allegation.

24.    With respect to paragraph 86, Defendant LK Corp. and Defendant Lee deny the allegation

that "following the promotional campaign in Japan" they "modified or created or sold

dolls to more closely resemble those of [Plaintiff] by, for example, incorporating hair,

shaping the skirts, adding white mouths, red noses, and a pistachio nut hat, and by

attaching a label with 'Bojo Bo Wishing Dolls' and 'Legend of the Bojo Bo Wishing

Dolls' imprinted in a similar font and format to resemble [Plaintiff's] label." Defendant

LK Corp. and Defendant Lee are without knowledge or information sufficient to form a

belief as to the truth of the allegations concerning Defendant Micronesia Woodcraft Ent.,

Inc. and Defendant Tirzo J. Adriatico, and on that basis, deny the allegations.

25.    With respect to paragraph 87, Defendant LK Corp. and Defendant Lee deny the allegation

that they "created dolls or changed the look of their dolls so much as to make them

virtually indistinguishable from the dolls of [Plaintiff]."

26.    With respect to paragraph 88, Defendant LK Corp. and Defendant Lee are without

knowledge or sufficient information to form a belief as to the truth of the allegation that

"the general public is misled into buying Defendant Micronesia Woodcraft Ent., Inc. dolls

1  and dolls of the other Defendants under the impression that they are buying [Plaintiff's]

2  dolls," and on that basis, deny the allegation.  Defendant LK Corp. and Defendant Lee

3  deny the allegation in paragraph 88 "that such confusion results solely from Defendants'

4  fraudulent and deceitful attempts to imitate [Plaintiff's] dolls and to pass off their dolls to

5  the public as that of [Plaintiff] or as being associated with those of [Plaintiff]."  With

6  respect to the remaining allegations in paragraph 88, Defendant LK Corp. and Defendant

7  Lee are without knowledge or sufficient information to form a belief as to the truth of the

8  allegation, and on that basis deny the remaining allegations.

9

10  27.  With respect to paragraph 89, Defendant LK Corp. and Defendant Lee admit that Plaintiff

11  has communicated verbally and by manner of a letter dated January 23, 2006 from

12  Plaintiff regarding "Notice of Injunction, Litgation" that Plaintiff protests alleged

13  infringements and activities. Defendant LK Corp. and Defendant Lee deny the remaining

14  allegations in paragraph 89.

15

16  28.  With respect to paragraph 90, Defendant LK Corp. and Defendant Lee deny the

17  allegations.

18

19  29.  With respect to paragraph 91, Defendant LK Corp. and Defendant Lee are without

20  knowledge or information sufficient to form a belief as to the truth of the allegations, and

21  on that basis, deny the allegations.

22

23  30.  With respect to paragraph 92, Defendant LK Corp. and Defendant Lee deny the

24  allegations.

25

26  31.  With respect to paragraphs 93 through 96, Defendant LK Corp. and Defendant Lee deny

27  the allegations.

28

1

2    32.    With respect to paragraph 97, Defendant LK Corp. and Defendant Lee are without

3            knowledge or information sufficient to form a belief as to the truth of the allegations, and

4            on that basis, deny the allegations.

5

6    33.    With respect to paragraph 98, Defendant LK Corp. and Defendant Lee repeat and

7            incorporate by reference its answers to paragraphs 1 through 97.

8

9    34.    With respect to paragraph 99, Defendant LK Corp. and Defendant Lee admit that they

10           have caused dolls to enter into interstate commerce with the designation and representation

11           "Bojo Bo Wishing Dolls" and "Legend of the Bojo Bo Wishing Dolls."  Defendant LK

12           Corp. and Defendant Lee deny the remaining allegations in paragraph 99.

13

14   35.    With respect to paragraphs 100 through 103, Defendant LK Corp. and Defendant Lee deny

15           the allegations.

16

17   36.    With respect to paragraph 104, Defendant LK Corp. and Defendant Lee repeat and

18           incorporate by reference its answers to paragraphs 1 through 103.

19

20   37.    With respect to paragraphs 105 through 107, Defendant LK Corp. and Defendant Lee deny

21           the allegations.

22

23   38.    With respect to paragraph 108,  Defendant LK Corp. and Defendant Lee repeat and

24           incorporate by reference its answers to paragraphs 1 through 107.

25

26   39.    With respect to paragraphs 109 through 111, Defendant LK Corp. and Defendant Lee deny

27           the allegations.

28

40.     With respect to paragraph 112, Defendant LK Corp. and Defendant Lee repeat and incorporate by reference its answers to paragraphs 1 through 111.

41.     With respect to paragraphs 113 through 115, Defendant LK Corp. and Defendant Lee deny the allegations.

42.     With respect to paragraph 116, Defendant LK Corp. and Defendant Lee repeat and incorporate by reference its answers to paragraphs 1 through 115.

43.     With respect to paragraphs 117 though 120, Defendant LK Corp. and Defendant Lee deny the allegations.

44.     With respect to paragraph 121, Defendant LK Corp. and Defendant Lee repeat and incorporate by reference its answers to paragraphs 1 through 120.

45.     With respect to paragraph 122 through 124, Defendant LK Corp. and Defendant Lee deny the allegations.

46.     With respect to paragraph 125, Defendant LK Corp. and Defendant Lee repeat and incorporate by reference its answers to paragraphs 1 through 124.

47.     With respect to paragraphs 126 through 131, Defendant LK Corp. and Defendant Lee deny the allegations.

48.     With respect to paragraph 132, Defendant LK Corp. and Defendant Lee repeat and incorporate by reference its answers to paragraphs 1 through 131.

1  49.    With respect to paragraphs 133 through 135, Defendant LK Corp. and Defendant Lee deny

2         the allegations.

3

4

5  50.    With respect to paragraph 136, Defendant LK Corp. and Defendant Lee repeat and

6         incorporate by reference its answers to paragraphs 1 through 135.

7

8  51.    With respect to paragraphs 137 through 144, Defendant LK Corp. and Defendant Lee deny

9         the allegations.

10

11  52.   With respect to paragraph 145, Defendant LK Corp. and Defendant Lee repeat and

12        incorporate by reference its answers to paragraphs 1 through 144.

13

14  53.   With respect to paragraphs 146 through 152, Defendant LK Corp. and Defendant Lee deny

15        the allegations.

16                                **AFFIRMATIVE DEFENSES**

17        Defendant LK Corp. and Defendant Lee raise the following affirmative defenses against

18  Plaintiff:

19        1.    Plaintiff has failed to state a claim upon which relief may be granted

20        2.    Acquiescence.

21        3.    Laches.

22        4.    Estoppel.

23        5.    Waiver.

24        6.    Prior use of the alleged trademark and trade dress by a party other than Plaintiff.

25        7.    Plaintiff does not yet have a registered trademark or trade dress with the United

26              States Patent and Trademark Office.

27        8.    Plaintiff's alleged trade dress is aesthetically functional.

28

Answer to Verified Complaint - - Page 10 of 14

1    9.    Plaintiff's alleged trade dress is not distinctive and have not acquired secondary

2        meaning.

3

4                              **COUNTERCLAIM**

5    Defendants LK Corp. and Defendant Lee (Counterclaimants), by and through undersigned

6 counsel, hereby set forth the following counterclaim against Saipan Handicraft:

7

8 1.    Jurisdiction is vested in this court pursuant to 28 U.S.C. § 1338(b).

9

10 2.    Venue is properly vested in this court pursuant to 28 U.S.C. § 1391(b).

11

12                          **FACTUAL BACKGROUND**

13 3.    Counterclaimant LK Corporation is a CNMI domestic corporation licensed to do business

14        in the CNMI.

15

16 4.    Counterclaimant Lee, Byung Deuk is a CNMI resident and owner of Rota Handicraft.

17

18 5.    Upon information and belief, Plaintiff/Counter-defendant Saipan Handicraft is a sole

19        proprietorship, licensed to do business in the CNMI, having its principal place of business

20        at Chalan Kiya, Saipan, Commonwealth of the Northern Mariana Islands.

21

22 6.    Upon information and belief, use of the name "Bo Jo Bo Wishing Dolls" and the "Legend

23        of the Bo Jo Bo Wishing Doll" was continually in use by various parties, including the

24        Taimanao family on the island of Rota, Commonwealth of the Northern Mariana Islands

25        and other parties during the same time that Saipan Handicraft was also using the name "Bo

26        Jo Bo Wishing Dolls" and the "Legend of the Bo Jo Bo Wishing Doll."

27

28

7. On or about November 9, 2005, Counterclaimants began manufacturing and producing dolls and using the name "Bo Jo Bo Wishing Doll" and the "Legend of the Bo Jo Bo Wishing Doll."

8. The design of Counterclaimant's dolls has been modified over time and do not reflect any of the trade dress features claimed to be protected by Saipan Handicraft.

9. The changes to the trade dress features of Counterclaimant's dolls were made to improve their overall quality, appearance, and commercial value for customers.

10. Counterclaimants have oral contracts and agreements with certain buyers, suppliers of materials, retailers and other businesses for the purchase of Counterclaimant's dolls or services.

11. Plaintiff, through counsel, has represented that he would not to seek to enjoin the manufacture of Bo Jo Bo Wishing Dolls made in Rota. Plaintiff filed the present action against Defendant LK Corp. and Defendant Lee,dba Rota Handicraft, notwithstanding Plaintiff's representations.

## FIRST CAUSE OF ACTION
## TORTIOUS INTERFERENCE WITH CONTRACTS

11. Counterclaimants repeat and incorporate by reference the allegations set forth in paragraphs 1 through 10 of the counterclaim.

12. Saipan Handicraft, personally and through their officers and agents, with full knowledge of the oral contracts and agreements between Counterclaimants and its buyers, and intending to harass, annoy, persecute, injure, destroy and interfere with Counterclaimants' business,

1    wrongfully, intentionally and maliciously persuaded Counterclaimant's buyers to repudiate

2    their contracts and agreements to purchase dolls.

3

4

5    13.    Saipan Handicraft made malicious, fraudulent and wrongful representations as the quality

6    of Counterclaimant's dolls as well as the right of Counterclaimants to produce and sell

7    dolls.

8

9    14.    Saipan Handicrafts actions has resulted in the cancellation of orders and contracts for the

10    purchase of Counterclaimant's dolls.

11

12    15.    Counterclaimants have been damaged in the form of lost sales in an amount to be proven

13    at trial.

14

15    16.    Counterclaimants seek injunctive relief against Saipan Handicraft to prevent continued

16    interference with Counterclaimant's business relationships with existing or future buyers

17    of its products.

18

19                              **DEMAND FOR JURY TRIAL**

20    Defendant/Counterclaimant LK Corp. and Defendant/Counterclaimant Lee hereby request

21    that all issues raised in this matter be resolved at a trial by jury.

22                              **PRAYER FOR RELIEF**

23    For the foregoing reasons, Defendant LK Corp. and Defendant Lee respectfully ask the

24    court to grant the following relief:

25

26    1.    Render judgment that Plaintiff take nothing from his claims against Defendant LK

27    Corp. and Defendant Lee.

28

Answer to Verified Complaint - - Page 13 of 14

2.    Dismiss Plaintiff's civil action with prejudice.

3.    Assess costs against Plaintiff.

4.    Find this to be an exceptional case and award Defendant LK Corp. and Defendant Lee reasonable attorney fees under 15 U.S.C. § 1117(a)

5.    For an award of damages in favor of Defendant/Counterclaimant LK Corp. and Defendant/Counterclaimant Lee to be proven at trial.

7.    For an award of attorneys' fees and costs incurred by Defendant/Counterclaimant LK Corp. and Defendant/Counterclaimant Lee.

8.    For an order of injunctive relief against Saipan Handicraft prohibiting them from actions that would interfere with Defendants/Counterclaimants business.

RESPECTFULLY SUBMITTED this 31st day of May 2006.

Edward Manibusan
Attorney for Defendants LK Corporation,
d.b.a. Rota Handicraft and Lee Byung Deuk.