Richard W. Pierce, Law Office
P.O. Box 503514
Saipan, MP 96950-3514
Telephone: (670) 235-3425
Facsimile: (670) 235-3427

Attorney for Kan Pacific Saipan Ltd., Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy

FILED
Clerk
District Court

JUN - 1 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICRONESIAN WOODCRAFT ENT., INC. ) <br> ET AL., ) <br> ) <br> Defendants. ) | Civil Action No. 05-0040 <br><br> ANSWER TO FIRST AMENDED COMPLAINT |

Kan Pacific Saipan, Ltd.; Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy answers Plaintiff's first amended complaint as follows:

1. With respect to paragraph 1, Defendants admit the allegations.

2. With respect to paragraph 2, Defendants deny the allegations.

3. With respect to paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny the allegations.

4. With respect to paragraph 4, Defendants admit the allegations in part; Defendants deny that Saipan Handicraft is licensed to conduct business. Saipan Handicraft is not a legal entity. The remainder of the paragraph is admitted.

5. With respect to paragraphs 5 and 6, Defendants admit that the corporation Micronesian Woodcraft Ent., Inc., produces and sells a Bo Jo Bo Wishing Doll in the CNMI, and that it conducts business in the CNMI, and that Tirzo J. Adriatico is a principal in the corporation. The remainder of the paragraphs is denied.

6. With respect to paragraphs 10, 15, 16, 17 and 23, the allegations that describe the Defendants as corporations doing business in the CNMI, the names of the businesses, and the principal of two defendants, being Tan Bun Kuy for Commonwealth Pacific International, Inc., and Full House Inc., are admitted; the remainder of the allegations in the paragraphs are denied.

7. With respect to paragraphs 7 through 9, 11 through 14, 18 through 22, 23 through 64, and 76 through 77, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny the allegations.

8. With respect to paragraphs 65 through 72, Defendants admit that Rodrigo M. Capati, Rodel S. Capati and Adela S. Capati, under the name Saipan Handicraft, applied for registered trade dress and trade marks with the United States Patent and Trademark Office, as alleged. The contents of the applications are what they are. The remainder of the paragraphs is denied to the extent that the allegations differ from the contents of the applications.

9. With respect to paragraph 73, no response is required as a legal conclusion is stated. To the extent a response is required, the paragraph is denied.

10. With respect to paragraphs 74 through 75, 78 through 97, 99, through 103, 105 through 107, 109 through 111, 113 through 115, 117 through 120, 122 through 124, 126 through 131, 133 through 135, 137 through 144, and 146 through 152, Defendants deny the allegations and demand strict proof thereof.

11. With respect to paragraphs 98, 104, 108, 112, 116, 121, 125, 132, 136, and 145, Defendants incorporate their response to the other paragraphs.

12. Any allegation not specifically admitted is denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred in whole or in part by acquiescence, laches, estoppel, waiver, and the applicable statute of limitations.

3. Plaintiff has claimed trademarks that are not protectible because they are descriptive of the products and do not state the origin or manufacturer of the products.

4. Prior use of the alleged trademark and trade dress by a party other than Plaintiff.

5. Plaintiff's claimed trade dress is functional.

6. Plaintiff's CNMI law claims are preempted in whole or in part by federal law.

7. Plaintiff's alleged trademark and trade dress are not registered with the United States Patent and Trademark Office. If they become registered, they should be cancelled.

8. Plaintiff's alleged trade dress is not distinctive and has not acquired secondary meaning.

9. Plaintiff has failed to allege fraud with particularity.

10. Plaintiff's claims are not brought in the names of the real party in interest.

11. Plaintiff's claims are barred in whole or in part by its unclean hands, its intentional interference with commerce by the Defendants, and its false statements of trademark and trade dress protection.

12. Plaintiff's alleged marks are generic and have long been in the public domain.

13. "Bo Jo Bo Wishing Doll" is not fictitious, fanciful or arbitrary.

## PRAYER FOR RELIEF

For the foregoing reasons, Defendants pray that the Court grant the following relief:

1. That Plaintiff take nothing from his claims against Defendants;

2. That the costs of defending these claims be assessed against Plaintiff pursuant to 15 U.S.C. § 1117(a) and CNMI law;

3. Such other relief as is appropriate under law and equity.

Respectfully submitted this 1st day of June, 2006.

_____
RICHARD W. PIERCE
For Kan Pacific Saipan, Ltd.; Arenas Enterprises, Inc.; Commonwealth Pacific International, Inc.; Full House, Inc.; and Ta Bun Kuy