F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MICRONESIA WOODCRAFT ENT., INC.,<br>et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 05-0040<br><br><br>**PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT IGARASHI SHO o TEN, Inc.** |

　　　　Plaintiff Saipan Handicraft requests that the Clerk of Court enter a default against Defendant Igarashi Sho o Ten, Inc., pursuant to Fed.R.Civ.P. 55. In support thereof, Plaintiff states:

　　　　1.　　Plaintiff filed its First Amended Verified Complaint on April 18, 2006, adding Igarashi Sho o Ten, Inc. as a named Defendant. *See* ¶ 32 of First Amended Verified Complaint filed herein.

　　　　2.　　On April 21, 2006, Plaintiff served Defendant with a Summons and a copy of Plaintiff's First Amended Verified Complaint. *See* Plaintiff's Proof of Service on Defendant Igarashi Sho o Ten, Inc. filed herein on April 26, 2006.

　　　　3.　　Defendant has failed to file to answer, file any responsive pleading, or otherwise defend the suit within the time period prescribed under Fed.R.Civ.P. 12(a)(1)(A).

　　　　4.　　Plaintiff is entitled to an Entry of Default and meets the procedural requirements for

obtaining an Entry of Default from the Clerk as demonstrated by Plaintiff's counsel's declaration, attached hereto as Exhibit "A."

5. The Clerk of Court may enter a default against a party who has not filed a responsive pleading or otherwise defended against the suit. Fed.R.Civ.P. 55(a); *New York Life Ins. Company v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6. Defendant is neither an infant nor an incompetent. Fed.R.Civ.P. 55(b).

7. Because Defendant did not file a responsive pleading or otherwise defend the suit, Defendant is not entitled to notice of entry of default. Fed.R.Civ.P. 55 and Rule 5(a); *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988).

For the foregoing reasons, Plaintiff requests that the Clerk of Court for an entry of default against Defendant.

Respectfully submitted this ___4___ day of July, 2006.

F. MATTHEW SMITH
Attorney for Plaintiff Saipan Handicraft

2