F. MATTHEW SMITH
Law Office of F. Matthew Smith, LLC
2nd Floor, UIU Building, Chalan Monsignor Guerrero
San Jose Village
P.O. Box 501127
Saipan, MP 96950
Telephone No.: (670) 234-7455/234-7427
Facsimile No.: (670) 234-7256

Attorney for Plaintiff.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT, | Civil Action No. 05-0040 |
| Plaintiff, | |
| vs. | |
| MICRONESIA WOODCRAFT ENT., INC., et al., | MOTION FOR ORDER PERMITTING WITHDRAWAL FROM REPRESENTATION UNDER LR 83.5.g.4 |
| Defendants. | |

F. Matthew Smith ("Smith"), attorney of record for Plaintiff Saipan Handicraft ("Handicraft") in the above cause of action, hereby files this motion for leave of court to withdraw as attorney of record for Handicraft pursuant to LR 1.5 and LR 83.5.g.4. In support of this motion, Movant Smith shows the court the following:

I.

Movant Smith is an attorney licensed to and actively engaged in the practice of law in the Commonwealth of the Northern Mariana Islands. Movant maintains an office for the practice of law at the UIU Building, 2nd Floor, San Jose, Saipan.

II.

On September 7, 2005, Smith entered into an agreement with Handicraft, in which Smith agreed to represent Handicraft as counsel in the above cause of action and to assist Handicraft in

obtaining registered trademark and copyright protection under United States Trademark and Copyright laws.

III.

Pursuant to the agreement of representation, Movant filed the above cause of action and caused to be filed applications with the United States Patent and Trademark Office for trademark and trade-dress protection of Handicraft's marks and trade-dress configurations, and an application with the United States Copyright Office, and thus performed his portion of the agreement with Handicraft in a skillful and diligent manner.

IV.

On June 29, 2006, by order of this court based on the submission of a stipulation by the parties, the court vacated the case management scheduling order entered on February 14, 2006. No new scheduling order has been issued nor has a case management conference been set by the court. Since May 19, 2006, when Handicraft's motion for expanded preliminary injunction came on for hearing, Handicraft has filed for entry of default judgment against five defendants and reached settlement with another defendant. Upon stipulation by Handicraft and the settling defendant, the court ordered the dismissal of the action as against the settling defendant. Entries of default have also been entered against five defendants. Currently, the court has scheduled an Order to Show Cause hearing for Handicraft on September 28, 2006, at 8:30 a.m.

V.

On or about late August, 2006, Movant Smith became aware of facts that require that he withdraw from representation of Handicraft. Specifically, Smith cites the following as grounds for withdrawal:

    A.    <u>Professional Considerations Require Termination of Employment: Mandatory Withdrawal</u>

Rule 1.16(a)(1) of the American Bar Association's ANNOTATED MODEL RULES OF

PROFESSIONAL CONDUCT ("MRPC"), as adopted by LR 1.5, states in pertinent part that "[A] [lawyer ] . . ., where representation has commenced, *shall* withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law." MRPC R. 1.16(a)(1) (2002) (emphasis added). Handicraft is a sole proprietorship, co-owned, controlled, and managed by Rodrigo M. Capati ("RMC") and Adela S. Capati ("ASC"). Movant Smith entered into a representation agreement with Handicraft, by and through RMC and ASC in September 7, 2005. *See* ¶ 1 *of Smith Affidavit In Support of Motion to Withdraw* ("Affidavit"), attached hereto and incorporated herein by reference. Movant Smith has had an attorney-client relationship with RMC and ASC since assuming representation of Handicraft. As part of that relationship, Smith owes twin duties of loyalty and confidentiality to Handicraft, as represented by RMC and ASC. MRPC R. 1.7 and R. 1.6 (2002).

Since mid-August, due to several factual developments which have come to light and which have been verified by Movant Smith, it has become apparent to Smith that RMC and ASC have vastly dissimilar and divergent ideas in how to continue prosecution of this matter. *See* ¶6 *of Affidavit*. Because of these recent developments, Smith's ability to ethically and professionally meet his obligations to Handicraft, by and through RMC and ASC, is compromised and any continued representation of Handicraft is rendered impossible without violating his duty of loyalty or breaching his obligation of confidentiality. Thus, professional considerations require termination of employment. *See People v. Monroe*, 907 P.2d 690 (Colo. Ct. App. 1995); MRPC R. 1.16 cmts. [2] and [3] (2002); *see also In re Hull*, 767 A.2d 197 (2001) (lawyer's failure to withdraw after conflict arose between parties in a bankruptcy filing violated R. 1.16(a)); *Mentor v. King*, 2001 Wash. App. LEXIS 1877 (court noted that continued representation a "minefield" where counsel represented that clients' interests had diverged and that one of the clients had lost confidence in lawyer's abilities, justifying withdrawal); LDR Rules ( c) and (h).

As a general proposition, privately retained counsel's request for withdrawal in a civil case should be allowed absent any showing that "to grant said request would interfere with the efficient

and proper functioning of the court." *Kingdom v. Jackson,* 896 P.2d 101 (Wash. Ct. App. 1995)(citing *Fisher v. State,* 248 So.2d 479 (Fla. 1971)). The court in *Kingdom,* relying on support from *Fisher,* found that the "attorney-client relationship is consensual, and either side's desire to quit it should be given great weight." *Id* at 104. Moreover, courts in civil matters have consistently recognized that because of such consensual representation arrangements, "litigants have no right to free legal aid" when private counsel seeks withdrawal premised on good cause. *Woods v. KC Masterpiece,* 2006 U.S. Dist. LEXIS 1812, *5 (E.D. Mo., April 6, 2006) (quoting *Fidelity Nat'l Title Ins. Co. Of New York v. Intercounty Nat'l. Title Ins. Co.,* 310 F.3d 537, 540 (7th Cir. 2002).

Movant Smith argues that granting withdrawal would not interfere with the efficient and proper functioning of this court. As stated in Section IV above, trial has not been re-set in this case and neither has discovery begun, nor have pleadings closed. In the past several months, Smith and Handicraft have been attempting settlement with various defendants and have obtained entries of default against five other defendants. Procedurally, the court has set an Order to Show Cause hearing on September 28, 2006, and contemplates dismissing the action for lack of prosecution. Because the recent factual developments learned by Smith that compromises his ability to ethically and professionally execute his duties to Handicraft, Smith has been handicapped from pursuing further filings for Plaintiff. Moreover, because of the nature of these developments, Smith reasonably and unequivocally believes that irreconcilable conflicts now exist that render any continued representation impossible. Granting withdrawal would not risk the efficiency of this court's functions as the court may fashion other solutions so as to not prejudice Handicraft's ability to prosecute its case without Movant Smith as counsel. The court, in its discretion, may allow a reasonable continuance within which Handicraft may seek substitute or new counsel. None of the parties are arguably prejudiced by a reasonable continuance if allowed by the court as there are no discovery or other pre-trial deadlines now pending.

    B.    <u>Failure of Handicraft to Pay Attorney's Fees and Costs of Litigation: Permissive Withdrawal</u>

Handicraft's owners, Rodrigo M. Capati ("AMC") and Adela S. Capati ("ASC") are unable

4

to pay Movant's fees and costs according to the representation agreement. As of August 31, 2006, Handicraft owes an outstanding amount of $9,835.90 in fees and costs to Smith. *See ¶ 4 of Affidavit.* Handicraft's account is more than 30 days in arrears and Smith reasonably believes that Handicraft is currently without the necessary funds to pay this bill.

MRPC Rule 1.16(b)(5) allows permissive withdrawal from representation, "[if] the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given *reasonable* warning that the lawyer will withdraw unless the obligation is fulfilled." MRPC Rule 1.16(b)(5) (2002) (emphasis added); *see also* MRPC Rule 1.16 cmt. [8] (2002); *Ferruzzo v. The Superior Court of Orange County*, 163 Cal. Rptr. 573 (Cal. Ct. App. 1980)(withdrawal granted from corporate and individual representation for nonpayment of attorneys fees and noncooperation); *Woods v. KC Masterpiece*, 2006 U.S. Dist. LEXIS 1812, (E.D. Mo., April 6, 2006) (permissive withdrawal appropriate where defendant failed to pay attorneys fees charged on an hourly rate plus costs based on representation agreement and where undue hardship suffered by attorney and his firm); *Fidelity Nat'l Title Ins. Co. Of New York v. Intercounty Nat'l. Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir. 2002) (lawyer permitted to withdraw due to client's failure to pay substantial bill; failure to pay caused substantial hardship to lawyer and withdrawal would not prejudice client); *Hammond v. T.J. Little & Co., Inc.*, 809 F. Supp. 156 (D. Mass 1992) (withdrawal granted where client failed to pay pursuant to retainer agreement, even though failure not deliberate but resulted from financial inability); *Silva v. Perkins Machine Co.*, 622 A.2d 443 (R.I. 1993) (abuse of discretion to deny counsel's motion to withdraw upon learning that client insolvent and could not pay for legal services).

As early as July, Smith had orally requested on several occasions that RMC and ASC make payment on their account arrears, in addition to furnishing them his monthly billing statement as is his office's practice. *See ¶ 5 of Affidavit.* After several phone calls to the Philippines in August in order to talk with RMC, and after meeting with ASC on two separate occasions and having several phone conversations with her as well, Smith sent both a letter dated August 29, 2006, advising them

that he would seek withdrawal from representation, unless the outstanding amount was paid in full on or before September 6, 2006, and that the parties resolve their conflicting interests. *See ¶ 6 of Affidavit.* Handicraft has been given reasonable notice of Smith's intention to seek withdrawal given these facts.

Movant Smith is firmly convinced that neither RMC nor ASC, as co-owners of Handicraft, will pay what they owe for work performed and costs incurred for the past two monthly billing cycles in accordance with the representation agreement. Whether their failure to pay is willful or a result of financial inability is irrelevant as withdrawal is clearly supported by the plain language of MRPC R 1.16(b)(5).

    C.    <u>Continued Representation will Result in an Unreasonable Financial Burden on Smith: Permissive Withdrawal</u>

Under MRPC R.1.16(b)(6), permissive withdrawal may be granted if "the representation will result in an unreasonable financial burden on the lawyer . . .". MRPC R. 1.16(b)(6) (2002); *see, e.g. In re Withdrawal of Attorney,* 594 N.W.2d 514 (Mich. Ct. App. 1999) (withdrawal permitted when little or no likelihood of recovering attorney's fees, more than 1,000 hours still required in addition to more than 4,000 already expended, and other more experienced counsel available); *Silva*, 622 A.2d at 444 (finding that lower court abused its discretion when it denied counsel's withdrawal motion when brought at a noncritical stage of proceedings and where continued representation would impose an undue financial burden on attorney because client was insolvent); *Fidelity Nat'l Title Ins., Co.,* 310 F.3d at 540 (holding that where firm of 4 attorneys incurred $470,000 in unpaid legal fees and expenses and projected a further $500,000 in litigation expenses if representation were to continue, hardship was substantial and warranted withdrawal).

Movant Smith argues that he has incurred and will continue to suffer financial hardship if the instant request for withdrawal is denied. From the outset of representation, Smith recognized that litigation of this matter would be lengthy and complex as both judicial and administrative objectives were involved. *See ¶ 2 of Affidavit;* Section III, *supra*. Accordingly, Smith reduced his regular hourly rate by $25.00 and Handicraft agreed to be charged at this reduced hourly rate. *See*

¶ 2 *of Affidavit*. Moreover, from the outset of representation, Smith advised Handicraft that his was a small firm and as such, could not and would not advance any representation costs–that to do so, would impose an unreasonable financial hardship on his legal practice. *Id.* Since commencing representation, Smith has had to consistently and frequently remind Handicraft of this condition of representation and up until July, 2006, Handicraft had met their financial obligations under the agreement. Handicraft's outstanding balance of $9,835.90 coupled with the probability of nonpayment at this point, in addition to irreconcilable conflicts between the parties, argue that good and ample cause exists warranting withdrawal from representation.

    D.    <u>Representation Has Been Rendered Unreasonably Difficult by the Client: Permissive Withdrawal</u>

MRPC R.1.16(b)(6) also permits withdrawal if "[the representation] has been rendered unreasonably difficult by the client." MRPC R. 1.16(b)(6) (2002); *see also Ferruzzo*, 163 Cal. Rptr. at 574; *Hammond*, 809 F. Supp. at 162-163; *Fisher v. Biman Bangladesh Airlines et al.*, 1997 U.S. Dist. LEXIS 10405 (S.D.N.Y. July 18, 1997); *Kolacek v. Gemexco Trading Inc.*, 1992 U.S. Dist. LEXIS 571, *1 (S.D.N.Y., Jan. 23, 1992). Movant's representation has been rendered extremely difficult due to the lack of direction and general unavailability of RMC to discuss case matters. *See* ¶ 7 *of Affidavit*. Smith has had to make several telephone calls to the Philippines and track RMC's whereabouts through his other relatives on-island, expending additional time and expense doing so. Counsel requested that RMC remain in contact with him while RMC remains off-island. RMC has failed to do so, unless counsel initiates communication. Counsel cannot rely on ASC to relay any communication to RMC, as ASC represented to counsel that she likewise has difficulty contacting RMC. Although ASC has maintained contact with Smith and has no difficulty communicating information or her desires regarding representation matters, Smith however, remains frustrated by RMC's general unavailability in light of his status as Handicraft's co-owner, an integral party to the representation, and who has conveyed a divergent approach to litigation. Smith is under the reasonable belief that RMC will remain off-island for the foreseeable future, and such unavailability severely interferes with counsel's ability to represent Handicraft's interest.

VI.

Movant Smith therefore desires to withdraw as counsel for Handicraft immediately. The plaintiff will not be unduly prejudiced if Smith is granted leave to withdraw from representation in this matter, in that no trial date has been set, pleadings have not closed, and discovery has not begun. No critical deadlines face Handicraft, aside from the currently set Order to Show Cause hearing set for September 28, 2006.

VII.

Reasonable notice of Movant's intention to seek leave to withdraw as counsel to Handicraft has been given to Handicraft by personally serving Movant's notice of intent to withdraw to ASC, and by mailing, United States Postal Service, certified mail, to RMC, currently in the Philippines. Furthermore, copies of this motion have also been furnished to opposing parties of record.

Wherefore, Smith, the attorney of record for Handicraft in this cause, respectfully requests that this court issue an order mandating or permitting withdrawal from further representation of Handicraft effective forthwith.

Date this 14th day of September, 2006.

F. MATTHEW SMITH, Esq.