F I L E D
Clerk
District Court

SEP 27 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>    Plaintiff,<br><br>vs.<br><br>MICRONESIAN WOODCRAFT ENTERPRISES, INC., et al.,<br><br>    Defendants. | Case No. CV-05-0040<br><br>**ORDER:**<br>**(1) GRANTING MOTION TO WITHDRAW AS COUNSEL; and**<br>**(2) TAKING HEARING OFF CALENDAR** |

**THIS MATTER** came before the court on Friday, September 22, 2006, for hearing of attorney F. Matthew Smith's motion to withdraw as counsel for plaintiff. Plaintiff appeared personally and by and through its attorney, F. Matthew Smith; defendants Micronesian Woodcraft and Tirzo J. Adriatico appeared by and through their attorney, Danilo T. Aguilar; defendants Arenas Enterprise, Inc., Commonwealth Pacific International, Inc., Ta Bun Kuy, Full House, Inc., and Kan Pacific Saipan, Ltd., appeared by and through their attorney Richard W. Pierce; and defendants LK Corporation, Young Jo Lee, Byung Deuk Lee, Town, Inc., and Yun's Corporation, appeared by and through their attorney Edward Manibusan.

**THE COURT**, having fully considered the arguments of plaintiff's attorney, **HEREBY GRANTS** Mr. Smith's motion to withdraw as counsel of record.

Under Civil Local Rule 83.5.g.4, "[a]n attorney may withdraw from a civil . . . case only after order of the court upon motion and for good cause shown, and after serving notice upon his or her client and opposing counsel." Under Rule of Discipline 2(h), which adopts the Model Rules of

Professional Conduct, "[Mr. Smith] shall not represent a client if the representation involves a concurrent conflict of interest." Model Rules of Prof'l Conduct R. 1.7(a); *see id.* 1.16(a)(1) (requiring the lawyer to terminate representation if "representation will result in violation of the rules of professional conduct or other law"). Here, Mr. Smith indicates that Saipan Handicraft is co-owned by Rodrigo M. Capati and Adela S. Capati and that he has been representing both parties in this case. Since mid-August, Mr. and Ms. Capati have had dissimilar and divergent views regarding their prosecution strategy in this case. Accordingly, a concurrent conflict of interest exists.

In addition, Mr. Smith may withdraw because "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or . . . other good cause for withdrawal exists." *See* Model Rules of Prof'l Conduct R. 1.16(b)(5), (6) & (7).

Here, plaintiff has an outstanding balance of $9,835.90 for attorney's fees, which has been overdue for over a month. Mr. Smith had apprised plaintiff of the outstanding balance on several occasions. On August 29, 2006, Mr. Smith sent a letter to Rodrigo M. Capati and Adela S. Capati, co-owners of Saipan Handicraft, to notify them that he intends to seek withdrawal from representation if their account was not paid in full by September 6, 2006. On September 13, 2006, Mr. Smith sent by U.S. mail - first class - his motion to withdraw. Mr. Smith personally served Ms. Capati of his motion to withdraw on September 14, 2006. Mr. Smith filed his motion to withdraw as counsel of record on September 14, 2006. No payment has been forthcoming.

Because plaintiff has failed to substantially fulfill its obligation to Mr. Smith regarding his legal services and because Mr. Smith had given his clients reasonable warning that he would seek withdrawal from representation if their account was not paid in full by a date certain and no payment has been forthcoming, the court finds that good cause exists.

//

**ACCORDINGLY, THE COURT GRANTS** Mr. Smith's motion to withdraw as attorney of record for plaintiff.

Pursuant to Model Rule of Professional Conduct 1.16(d), Mr. Smith shall take steps to the extent reasonably practicable to protect Mr. and Ms. Capati's interests.

Plaintiff is hereby advised to obtain new legal counsel. If plaintiff obtains new counsel, plaintiff shall give notice to the court and to all represented parties of the name(s) of such counsel within thirty (30) days or until October 27, 2006. The notice shall also include the identity of the owners and signatories of Saipan Handicraft that such counsel represents (*i.e.* Rodrigo Capati, Adela Capati, and / or Rodel Capati).

The court's Order to Show Cause, No. 132 (Sept. 6, 2006), is hereby taken off calendar pending the notice of new counsel.

**IT IS SO ORDERED.**

**DATED** this 27th day of September, 2006.

_____
ALEX R. MUNSON
Chief Judge