```
1  LAW OFFICES OF S. JOSHUA BERGER
   D'Torres Building, Garapan
2  P. O. Box 504340
   Saipan, MP 96950
3  Phone (670) 235-8060   Fax 235-8070

4  STEPHEN J. NUTTING, ESQ.
   6TH Floor Nauru Building
5  P. O. Box 5093
   Saipan, MP 96950
6  Phone (670) 234-6891   Fax 234-6893

7  Attorneys for Plaintiff
```

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT, | CIVIL ACTION NO. 05-0040 |
| Plaintiff, | |
| vs. | **MOTION FOR ORDER PERMITTING WITHDRAWAL FROM REPRESENTATION UNDER LR 83.5.g.4** |
| MICRONESIA WOODCRAFT ENT., INC., et al., | |
| Defendants. | |

STEPHEN J. NUTTING and S. JOSHUA BERGER ("Attorneys"), attorneys of record for Plaintiff Saipan Handicraft ("Handicraft") in the above cause of action, hereby file this motion for leave of court to withdraw as attorneys of record for Handicraft pursuant to LR 1.5 and LR 83.5.g.4. In support of this motion, Attorneys Nutting and Berger state the following:

I.

Both Attorneys are licensed to and actively engage in the practice of law in the Commonwealth of the Northern Mariana Islands. Both maintain offices in Saipan.

II.

On October 10, 2006, Attorneys entered into an agreement with Handicraft in which they agreed to represent Handicraft as joint counsel in the above cause of action and to assist

Handicraft in obtaining registered trademark and copyright protection under United States Trademark and Copyright laws.

### III.

However, it was expressly understood that the Attorneys could not effectively represent Saipan Handicraft unless its principals, Rodrigo Capati and Adela Capati, worked cooperatively to assist counsel in prosecuting their claims and the Attorneys representation was expressly conditioned thereon.

### IV.

The attorneys worked together in the best interests of their clients to reach certain compromises to allow the business of Saipan Handicraft to proceed without being adversely affected by numerous domestic issues related to the impending divorce of the principals.

### V.

Unfortunately, communication between the principals and their counsel broke down, and the domestic discord has so permeated and affected the business and operations of Saipan Handicraft, that the attorneys could no longer receive any meaningful direction from the principals so as to effectively represent the plaintiff in the prosecution of its claims under the above enumerated cause.

### VI.

A. <u>Failure of Handicraft to pay attorneys' fees and costs of litigation: Permissive Withdrawal</u>.

Handicraft's owners, Rodrigo M. Capati ("AMC") and Adela S. Capati ("ASC") are unable to pay attorneys' fees and costs according to the representation agreement. As of February 25, 2007, Handicraft owes an outstanding amount of $1,370.00 in fees and costs to Attorney Berger, and $3,885.00 as of March 28, 2007 to Attorney Nutting. Handicraft's accounts are more

than thirty days in arrears and Attorneys reasonably believe that Handicraft is currently without the necessary funds to pay these bills.

MRPC Rule 1.16(b)(5) allows permissive withdrawal from representation if legal counsel is not getting paid and hence continued representation becomes an unreasonable financial burden of the lawyer. MRPC Rule 1.16(b)(5) (2002) (emphasis added); *see also* MRPC Rule 1.16 cmt. [8] (2002); *Ferruzzo v. The Superior Court of Orange County*, 163 Cal. Rptr. 573 (Cal. Ct. App.1980) (withdrawal granted from corporate and individual representation for nonpayment of attorneys fees and noncooperation); *Woods v. KC Masterpiece*, 2006 U.S. Dist. LEXIS 1812, (E.D. Mo., April 6, 2006) (permissive withdrawal appropriate where defendant failed to pay attorneys fees charged on an hourly rate plus costs based on representation agreement and where undue hardship suffered by attorney and his firm); *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540 (7th Cir.2002) (lawyer permitted to withdraw due to client's failure to pay substantial bill; failure to pay caused substantial hardship to lawyer and withdrawal would not prejudice client); *Hammond v. T.J. Little & Co., Inc.*, 809 F. Supp. 156 (D. Mass 1992) (withdrawal granted where client failed to pay pursuant to retainer agreement, even though failure not deliberate but resulted from financial inability); *Silva v. Perkins Machine Co.*, 622 A.2d 443 (R.I. 1993) (abuse of discretion to deny counsel's motion to withdraw upon learning that client insolvent and could not pay for legal services).

From the inception of their brief representation, both Attorneys have had difficulty in getting paid, and even more difficulties in getting their clients to work together, and are presently owed $ 5,255.00.

B. <u>Representation Has Been Rendered Unreasonably Difficult by the Client: Permissive Withdrawal.</u>

MRPC R.1.16(b)(6) also permits withdrawal if "[the representation] has been rendered unreasonably difficult by the client." MRPC R.1.16(b)(6) 2002; *see also Ferruzzo*, 163 Cal. Rptr. at 574; *Hammond*, 809 F. Supp. at 162-163; *Fisher v. Biman Bangladeshi Airlines et al.*, 1997

U.S. Dist. LEXIS 10405 (S.D.N.Y. July 18, 1997); *Kolacek v. Gemexco Trading, Inc.*, 1992 U.S. Dist. LEXIS 571, *1 (S.D.N.Y., Jan. 23, 1992). Attorneys' representation has been rendered extremely difficult due to the lack of direction and general unavailability of their clients, and the total lack of communication and breakdown of the attorney client relationship between Rodrigo Capati and the Attorneys.

## VII.

Attorneys therefore desire to withdraw as counsel immediately. The Plaintiff will not be prejudiced if the Court grants leave to withdraw from representation in this matter, in that no trial date has been set, pleadings have not closed, and discovery has not begun. No critical deadlines face Handicraft.

## VIII.

Under Civil Local Rule 83.5.g.4 "(a)n attorney may withdraw from a civil... case only after order of the Court and for good cause shown, and after serving notice upon his or her client and opposing counsel". Reasonable notice of Attorneys' intention to seek leave to withdraw has been served on trademark counsel to Handicraft (thru Attorney Matthew Smith) as well as personally to both Capati's, by mailing United States Postal Service, certified mail. Additionally, the other attorneys in this case, Richard Pierce, Edward Manibusan and Danilo Aguilar have been served.

Wherefore, Stephen J. Nutting and S. Joshua Berger, Attorneys of record, respectfully requests that this Court issue an order permitting withdrawal from further representation effective immediately, without the need for a hearing.

4

Dated this _____ day of March, 2007.

_____
S. JOSHUA BERGER - F0173
Attorney for Plaintiff

_____
STEPHEN J. NUTTING - F0164
Attorney for Plaintiff