F I L E D
Clerk
District Court

MAY - 3 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT,<br><br>Plaintiff,<br><br>vs.<br><br>MICRONESIAN WOODCRAFT ENTERPRISES, INC., et al.,<br><br>Defendants. | Case No. CV-05-0040<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |

    **THIS MATTER** came before the court on May 3, 2007, for hearing of attorneys Stephen J. Nutting and S. Joshua Berger's motion to withdraw as attorney of record for Saipan Handicraft. Plaintiff appeared personally and by and through its attorney, Stephen J. Nutting; defendants Micronesian Woodcraft and Tirzo J. Adriatico appeared by and through their attorney, Danilo T. Aguilar; defendants Arenas Enterprise, Inc., Commonwealth Pacific International, Inc., Ta Bun Kuy, Full House, Inc., and Kan Pacific Saipan, Ltd., appeared by and through their attorney Richard W. Pierce; and defendants LK Corporation, Young Jo Lee, Byung Deuk Lee, Town, Inc., and Yun's Corporation, appeared by and through their attorney Edward Manibusan.

    **THE COURT**, having fully considered the arguments of the parties, **HEREBY GRANTS** Mr. Nutting and Mr. Berger's motion to withdraw as counsel of record.

    Under Civil Local Rule 83.5.g.4, "[a]n attorney may withdraw from a civil . . . case only after order of the court upon motion and for good cause shown, and after serving notice upon his or her client and opposing counsel." During the hearing, Mr. Nutting indicated that he spoke with his client three weeks ago and informed his client that he has moved the court to withdraw as counsel of

record. In addition, Mr. Nutting indicated that he gave his client written notice of his intent to withdraw as counsel of record.

Under Rule of Discipline 2(h), which adopts the Model Rules of Professional Conduct, "[Mr. Nutting and Mr. Berger] shall not represent a client if the representation involves a concurrent conflict of interest." Model Rules of Prof'l Conduct R. 1.7(a); *see id.* 1.16(a)(1) (requiring the lawyer to terminate representation if "representation will result in violation of the rules of professional conduct or other law"). Here, the moving attorneys indicate that Saipan Handicraft is co-owned by Rodrigo M. Capati and Adela S. Capati and that they have been representing both parties in this case. During their representation, Mr. and Ms. Capati have failed to work cooperatively in providing direction in the prosecution of their claims. Accordingly, a concurrent conflict of interest exists.

In addition, the moving attorneys may withdraw because "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; . . . the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or . . . other good cause for withdrawal exists." *See* Model Rules of Prof'l Conduct R. 1.16(b)(5), (6) & (7). Here, plaintiff has an outstanding balance of $1,370.00 to Mr. Berger and $3,885.00 to Mr. Nutting, which have been overdue for over thirty days. Because plaintiff has failed to substantially fulfill its obligation to its attorneys, the court finds that good cause exists.

**ACCORDINGLY, THE COURT GRANTS** Mr. Nutting and Mr. Berger's motion to withdraw as attorneys of record for plaintiff.

Pursuant to Model Rule of Professional Conduct 1.16(d), Mr. Nutting and Mr. Berger shall take steps to the extent reasonably practicable to protect Mr. and Ms. Capati's interests.

Obtaining new counsel may be in the plaintiff's best interest. The plaintiff is reminded that a corporation may only appear in federal court through licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993). If the plaintiff obtains new counsel, the plaintiff shall give

notice to the court and to all represented parties of the name(s) of such counsel no later than **May 31, 2007, at 9:30 a.m.**

**IT IS SO ORDERED.**

**DATED** this 3rd day of May, 2007.

                                                ALEX R. MUNSON
                                         U.S. District Court Chief Judge