Law Office of G. Anthony Long
P. O. Box 504970, Beach Road
San Jose, Saipan, MP 96950
Telephone: (670) 235-4802
Facsimile: (670) 235-4801

Attorney for Plaintiff and Counterclaim Defendant Saipan Handicraft

# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT, | ) CIVIL ACTION No. 05-0040 |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| MICRONESIA WOODCRAFT, ENT., INC., | ) MOTION IN RESPONSE TO |
| TIRZO J. ADRIATICO, individually and as | ) ORDER TO SHOW CAUSE |
| President of Micronesia Woodcraft, Inc., and | ) |
| JOHN DOES 1 - 40 | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Comes now the plaintiff and counterclaim defendant, Saipan Handicraft, in response to the Court's Order to Show Cause.

### PROCEDURAL BACKGROUND

On December 1, 2005, plaintiff Saipan Handicraft ("Plaintiff") filed this lawsuit against defendant Micronesia Woodcraft Enterprises, et. al ("Defendants") for use of false designation in interstate commerce, trademark infringement, trade dress infringement, unfair competition tortious interference with contract, interference with business relationships, interference with competitors contract for supply of raw materials, and violation of the Commonwealth of the

Northern Mariana Islands Consumer Protection Act.. On February 14, 2006, a Case Management Conference was held and the Court set a trial date of October 23, 2006. On June 29, 2006 the parties brought a stipulated motion to have the Case Management Scheduling Order and all dates contained therein vacated. The Court granted that motion and the October trial date was taken off calendar. In September of 2006, Plaintiff's former counsel filed for and was granted leave to withdraw. New counsel entered their appearance for the Plaintiff on October 27, 2006. On April 2, 2007 that counsel also made a motion to withdraw from the case. The motion to withdraw was granted by the Court on May 3, 2007. Current counsel entered its appearance on July 18, 2007 . A little over three months after current counsel entered its appearance, on October 25, 2007 , the Court issued an Order to Show Cause Why Matter Should Not Be Dismissed For Failure to Prosecute.

## STANDARD OF LAW

A district court has the inherent power sua sponte to dismiss a case for lack of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-33 (1962) (finding that Federal Rule of Civil Procedure 41(b) does not restrict the inherent power of the courts in this regard). A district court also has the inherent power to issue orders warning of the consequences of noncompliance with such orders. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir.1986). Dismissal is a harsh penalty and should be imposed only in extreme circumstances. *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir.1992). Five factors govern whether dismissal is proper: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423. A district court is not required to make explicit findings as to each of these factors, but should consider them in making

its decision to dismiss for failure to prosecute. A judge must warn a plaintiff that dismissal is imminent. *Oliva*, 958 F.2d at 274. Moreover, warning is integral to the requirement that a court consider alternative sanctions. *Malone v. United States Postal Serv.*, 833 F.2d 128, 131-32 (9th Cir.1987).

    A.    **Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket**

The first two factors are usually reviewed in conjunction with each other. *Moneymaker v. CoBen (In re Eisen)*, 31 F. Ed 1447 (9th Cir 1994). Orderly and expeditions resolution of disputes is of great importance to the rule of law and the public does have an overriding interest in securing the "just , speedy, and inexpensive determination of every action." Fed.R.Civ.P.1 Additionally, a court has to manage cases so that disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is improved and settlement is facilitated. FedR.Civ.P.16  However, the Court must temper that with a goal to have cases decided on the merits of the issues. *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir.1998). Here, there is not the case of a willful disrespect for a Court mandated order nor is there evidence that plaintiff in this case has purposefully hindered the expeditious resolution of this case.

    B.    **Risk of Prejudice to the Defendants**

"A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir.1990); *Malone*, 833 F.2d at 131; *In re Eisen*, 31 F.3d at 1453. Failing to produce documents as ordered is considered sufficient prejudice. *Adriana*, 913 F.2d at 1412. Late tender is no excuse. See, e.g., *In re Eisen*, 31 F.3d at 1453; *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir.2002); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947,

948 (9th Cir.1993). The law also presumes prejudice from unreasonable delay. *In re Eisen*, 31 F.3d at 1453 (quoting *Anderson v. Air West, Inc.*, 542 F.2d 522, 524 (9th Cir.1976)); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir.1991) (as amended) (presuming from elapsed time that defendants' ability to defend a case has been prejudiced). The presumption may be rebutted and if there is a showing that no actual prejudice occurred. *In re Eisen*, 31 F.3d at 1452-53 (quoting *Anderson*, 542 F.2d at 524). A plaintiff may proffer an excuse for delay that, if "anything but frivolous," shifts the burden of production to the defendant to show at least some actual prejudice; if it does, the plaintiff must persuade the court that the claims of prejudice are illusory or relatively insignificant in light of his excuse. *Id.* at 1453 (quoting *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1281 (9th Cir.1980)); *Hernandez* at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay). Prejudice normally consists of loss of evidence and memory, *In re Eisen,* 31 F.3d at 1453; it may also consist of costs or burdens of litigation, **although it may not consist of the mere pendency of the lawsuit itself**, *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir.2002). (emphasis added).

      Here, the Defendants cannot state that actual prejudice has occurred in this case. Other than the actual pendency of the lawsuit, plaintiffs actions have not impaired defendants' right to go to trial or interfered with the decision in this case. Defendants themselves stipulated along with the plaintiff to vacate the original case management order to allow themselves additional time to file pleadings. Also, any delay in this matter has not been frivolous. Plaintiffs have had the need to retain new counsel and plaintiffs new counsel has needed time to come up to speed on this complex case matter. Because this case involves trademarks and trade-dress issues, plaintiffs have also had to deal with the administrative aspects of the case and counsel has been

filing documents and responding to various orders from the United States Patent and Trademark Office as well as reviewing the litigation history from the United States District Court.

    C.    **Disposition on the Merits**

The Ninth circuit has often ruled that the public policy favoring disposition of cases on their merits strongly counsels against dismissal. See *Hernandez*, 138 F. 3d at 399. Here, although the case has been pending for a significant amount of time, the resolution of this case on its merits is of vital importance to the CNMI community. The Legend of the Bojobo Wishing dolls is unique to the Northern Mariana Islands and having the Court address the trademark and trade dress issues presented in this case will give guidance to the local manufacturers of this product.

    D.    **Availability of Less Drastic Sanctions**

Dismissal in this case is not warranted. A district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions. *Malone*, 833 F.2d at 131-32 (quoting *United States v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir.1986)). Factors that indicate whether a district court has considered alternatives include:"(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Id*. at 132. Here, plaintiffs conduct does not rise to the level that would justify dismissal of the case. Plaintiffs have consistently sought to abide by any order issued by this Court. The fact that this case involves complex issues around the area of Trademarks has necessitated that counsel in this case have time to review the case to come up to speed on the

complicated issues involved. Another factor weighing against dismissal as a sanction is that plaintiff's counsel mistakenly interpreted the Court's June 29, 2006 order. (See Declaration of Counsel). In its review of the Court documents, counsel misinterpreted the order to mean that the Court would be issuing any scheduling dates for a case management conference in the case. In light of those circumstances dismissal of this case would be a harsh sanction.

## CONCLUSION

Dismissal is only proper "where at least four factors support dismissal, ..... or where at least three factors `strongly' support dismissal." *Yourish v. Calif Amplif*, 191 F3d 983, 990 (9th Cir1999) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir1992)). Because dismissal is a harsh penalty, it should be limited as a sanction only in extreme circumstances. *Thompson v. Housing Auth*, 782 F.2d 829, 831 (9th Cir), cert denied, 479 U.S. 829 (1986). Here, weighing the five factors that a court looks to in deciding whether to dismiss a case for failure to prosecute, the Court should find that the actions by plaintiff in the above matter do not rise to that "extreme" level that warrants dismissal or even sanctions by this Court. However, if this Court should decide that sanctions are warranted, there are there are far less drastic measures which would still achieve the Court's goal of moving this case forward. Plaintiff respectfully asks this Court to not dismiss this case, but rather set a Case Management Conference so that the parties can be guided by scheduling deadlines to aid in the resolution of this matter.

Respectfully Submitted this 30th day of October, 2007

Law Office of G. Anthony Long

By:_____/s/_____
Kelley M Butcher