```
 1  LAW OFFICES OF EDWARD MANIBUSAN
    Edward Manibusan, Esq.
 2  Steven M. Newman, Esq.
    P.O. Box 7934 SVRB
 3  Tun Antonio Apa Road
    Saipan, MP 96950
 4  Telephone No. 235-6520
    Facsimile No. 235-6522
 5  e-mail: emlaw@pticom.com
            stevenmn@pticom.com
 6
    Attorneys for Defendants LK Corporation,
 7  d.b.a. Rota Handicraft and Lee Byung Deuk
```

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| SAIPAN HANDICRAFT, | Civil Action No. 05-0040 |
| Plaintiff, | |
| vs. | DEFENDANTS LK CORPORATION CORPORATION, dba ROTA HANDICRAFT and LEE BYUNG DEUK's CASE MANAGEMENT STATEMENT |
| MICRONESIA WOODCRAFT ENT., INC., ET. AL, | |
| Defendants. | |
| | Date: November 8, 2007 |
| | Time: 10:00 a.m. |
| | Judge: Hon. Alex R. Munson |

COMES NOW Defendants LK Corporation (LK Corp.) and Lee, Byung Deuk (Lee), by and through undersigned counsel, and hereby sets forth its Case Management Statement pursuant to F.R.C.P. 16 and Local Rule 16.2CJ.

### I. CASE MANAGEMENT ISSUES.

A. <u>Service of Process on Parties Not Yet Served</u>.

The Defendants have effectuated service of its counterclaims against Plaintiff and does not foresee the need to bring any further claims or serve any other parties. The Defendants reserve the right to bring further claims or seek amendment of its counterclaim if necessary, with leave of the Court.

Case Management Statement Page 1 of 6

B. Jurisdiction and Venue.

The Defendants agree that jurisdiction over the present matter properly rests with this Court and that venue is proper.

1. United States Patent and Trademark Office / Trademark Trial and Appeals Board.

Registration proceedings are pending with the United States Patent and Trademark Office (USTPO) and the Trademark Trial and Appeals Board (TTAB). As the Court is aware, Defendants filed a timely opposition to Plaintiff's application for a trademark registration with the USTPO. On September 12, 2006, however, a trademark registration was issued to Plaintiff. Defendants subsequently filed substantial documentation with the United States Trademark Trial and Appeals Board to assure that the registration was cancelled. On October 19, 2006 the USTPO issued a cancellation order rescinding the September 12, 2006 trademark registration.

On March 20, 2007, the USTPO again issued a trademark registration to Plaintiff notwithstanding the pending opposition proceedings with the United States Trademark Trial and Appeals Board. Defendants again filed documentation with the United States Trademark Trial and Appeals Board to assure that the registration was cancelled. Defendants note that co-defendant Micronesian Woodcraft, Enterprises (Micronesian Woodcraft) also filed an opposition with the USTPO and documentation with the TTAB.

On September 13, 2007 the USTPO issued a cancellation order rescinding the September 12, 2006 trademark registration.

2. Jurisdiction Remains with the Court.

Defendants believe that jurisdiction remains with this Court, notwithstanding the pending proceedings with the USTPO and TTAB. Defendants will provide the Court with the orders issued by the USTPO and TTAB. Defendants respectfully suggest that the parties consider entering into an agreement that such proceedings be suspended pending resolution of the present matter.

1  C. Track Assignment.

2     Defendants agree with the Court's suggestion that this matter be assigned to the Standard
3  Track as defined by the Local Rule 16.2CJc.

5  D. Anticipated Motions.

6     Defendants anticipate filing motions, including but not limited to, the following:

7     1. Motion to Dismiss; and,

8     2. Motion for Summary Judgment on Plaintiff's Complaint and Defendants' Counterclaim.

10 E. Anticipated or Remaining Discovery / Limitations on Discovery.

11    Defendants believe that adherence to the discovery recommendations set forth for Standard
12 Track cases will be sufficient in the present matter, provided however that Defendants may request
13 the Court to allow more than three (3) fact witness depositions per party without prior approval of
14 the court.

16 F. Further Proceedings.

17    Defendants believe that the discovery cut-off dates, pretrial conference and trial dates
18 should be set in accordance with the Standard Track as defined by the Local Rule 16.2CJc.[1]

20    1. Discovery Cut-Off. Defendants suggest that the discovery cut-off date be set for
21 May 14, 2008.

---

[1] "Standard" - Cases on the Standard Track shall be completed within twelve (12) months or less after filing, and shall have a discovery cut-off no later than sixty (60) days prior to trial. Discovery guidelines for this track include interrogatories limited to thirty (30) single-part questions; thirty (30) requests for admission; depositions of the parties; depositions on written questions of custodians of business records for non-parties; no more than three (3) fact witness depositions per party without prior approval of the court; and such other discovery, if any, as may be provided for in the CMP.

Case Management Statement Page 3 of 6

1       2. <u>Pretrial Conference</u>. Defendants suggest that the pretrial conference be set for October
2   15, 2008.
3
4       3. <u>Trial Date</u>. Defendants suggest that trial in this matter be set for November 7, 2008,
5   depending on the Court's calendar and that of the respective counsel in this matter.
6
7   G. <u>Appropriateness of Special Procedures</u>.
8       Defendants believe that special procedures are not necessary in this matter, including but
9   not limited to: reference to a master or to arbitration or to the Judicial Panel or Multidistrict
10  Litigation, or application of the Manual for Complex Litigation.
11
12  H. <u>Modifications of the Standard Procedures</u>.
13      Defendants believe that the discovery cut-off dates, pretrial conference and trial dates
14  should be set in accordance with the Standard Track as defined by the Local Rule 16.2CJc and that
15  no modification of the procedures is required in this matter other than the number of fact witness
16  depositions as set forth herein.
17
18  I. <u>Settlement Prospects</u>.
19      Defendants believe that settlement is a possibility and anticipate requesting the Court for a
20  settlement conference after consultation with counsel for the respective parties.
21
22  J. <u>Other Matters</u>.
23      Defendants suggest that the parties consider filing a joint statement limiting the issues for
24  consideration in this matter by June 16, 2008.
25
26
27
28

H. Setting of Dates.

    1. Joinder of All Parties. Defendants suggest that all parties be joined by January 15, 2008.

    2. Motions to Amend. Defendants suggest that all motions to amend be filed by January 31, 2008.

    3. Discovery Cut-Off. Defendants suggest that the discovery cut-off date be May 15, 2008.

    4. Status Conferences. Defendants suggest a status conference in the present matter on January 15, 2008 and that any further status conferences be set upon the agreement of the parties, subject to the Court's approval or upon the Court's *sua sponte* order setting a status conference.

    5. Discovery Motion Hearing Date. Defendants suggest that all discovery motions be heard on July 1, 2008.

    6. Dispositive Motion Cut-Off. Defendants suggest that all dispositive motions be filed by July 15, 2008.

    7. Dispositive Motion Hearing Date. Defendants suggest that all dispositive motions be heard on August 15, 2008.

    8. Settlement Conferences. Defendants suggest that a settlement conference be set for September, 15, 2008.

    9. Joint Pretrial Order. Defendants suggest that a Joint Pretrial Order be filed on October 1, 2008.

1  10. <u>Final Pretrial Conference</u>. Defendants suggest that the final pretrial conference be set for October 15, 2008.

11. <u>Trial</u>. Defendants suggest that trial in this matter be set for November 7, 2008, depending on the Court's calendar and that of the respective counsel in this matter.

RESPECTFULLY SUBMITTED this <u>7th</u> day of November 2007.

LAW OFFICES OF EDWARD MANIBUSAN

By: _____
Edward Manibusan
Attorney for Defendants LK Corporation,
d.b.a. Rota Handicraft and Lee Byung Deuk.